[Civ. No. 15869.   First Dist., Div. Two.   May 17, 1954.]

R. W. RYDER, Appellant, v. CITY OF LOS ALTOS
et al., Respondents.

Cahill & Casey for Appellant.

Gardner Bullis for Respondents.

NOURSE, P. J.—Plaintiff sued for a writ of mandate to require the defendants to call a special election on a petition seeking an election to vote on the question of the disincorporation of the city.   The defendants had denied the petition

and had refused to call an election on the grounds that it was barred by the then existing provisions of section 1702 of the Elections Code, which then read:

"No petition for the dissolution or disincorporation of a city, or city and county, may be circulated until after the expiration of two years from the date that such city, or city and county, was incorporated."

The contention of the appellant is that the action of the council was controlled by the Government Code which contained no limitation as to the time for such an election.

The facts are that the city of Los Altos was duly incorporated as a city of the sixth class on December 1, 1952. The petition to disincorporate was filed on December 8, 1952. The city council rejected the petition on the ground that it had been filed contrary to the provisions of the Elections Code.

At the time of these proceedings, section 1702 of the Elections Code read as above quoted. At that time the Government Code contained no limitation on the date of filing of such petition. Subsequent to the election, and in 1953, the Legislature eliminated the time limit from section 1702 and added a new section 34701.1 to the Government Code, reading: "34701.1. No petition for the dissolution or disincorporation of a city, or city and county, may be circulated until after the expiration of two years from the date that such city, or city and county, was incorporated." The legislative explanation of the 1953 Act, found in section 3, reads: "This act is intended merely to rearrange the statutory law relating to disincorporation proceedings and it shall not be construed to effect any substantive change in the law, but shall be construed merely as a rearrangement of existing statutory law."

The effect of this amendment was a legislative determination that there was no change in the substantive law which was that no petition for disincorporation could be filed less than two years after the date of incorporation.

The only question of law suggested by the appellant on this phase of the case is that the Government Code, being a general statute relating to municipal corporations, controls over the special provisions of the old Elections Code which relates specially to initiative petitions seeking an election for disincorporation. The law is to the contrary. ■ The rule is stated in *People* v. *Pacific Imp. Co.*, 130 Cal. 442, 446 [62 P. 739], as follows: "It is also the rule that where two

statutes treat of the same subject, one being special and the other general, unless they are irreconcilably inconsistent, the latter, although latest in date, will not be held to have repealed the former, but the special act will prevail in its application to the subject matter as far as coming within its particular provisions.''

This is specially true where, as here, there is no conflict between the two statutes on the particular subject matter contained in the special statute.

█ The decision on this point is also controlled by the well settled rule of statutory construction that the statutes and the codes ''blend into each other, and are to be regarded as constituting but a single statute.'' (*Proctor* v. *Justice's Court,* 209 Cal. 39, 43 [285 P. 312]; *In re Porterfield,* 28 Cal.2d 91, 100 [168 P.2d 706, 167 A.L.R. 675]; *Bohn* v. *Mayor & City Council of Fontana,* 121 Cal.App.2d 637, 640 [263 P.2d 836].) The latter case is particularly applicable here as it involves the same subject matter of the time within which a disincorporation election may be called.

█ Appellant argues that the old section 1702 of the Elections Code is unconstitutional as an abridgment of the right of the initiative granted the electors under section 1 of article IV of the Constitution. The argument is unsound. The right of the initiative is granted the electors ''under such procedure as may be provided by law.'' (Art. IV, § 1, subtitle Initiative and Referendum Powers Also Reserved to Cities and Counties.) In *Mercury Herald Co.* v. *Moore,* 22 Cal.2d 269, 275 [138 P.2d 673, 147 A.L.R. 1111], the Supreme Court said: '' [T]he Legislature may validly limit the time within which an existing right may be exercised if the period remaining for its assertion is a reasonable one. [Citing cases.] ''

Judgment affirmed.

Dooling, J., and Kaufman, J., concurred.

A petition for a rehearing was denied June 16, 1954, and appellant's petition for a hearing by the Supreme Court was denied July 14, 1954. Carter, J., was of the opinion that the petition should be granted.