[Civ. No. 22095.   Second Dist., Div. One.   Sept. 3, 1957.]

HOLLYWOOD CIRCLE, INC. (a Corporation), Appellant, v. DEPARTMENT OF ALCOHOLIC BEVERAGE CONTROL etc., et al., Respondents.

Albert E. Isenberg and Dan Lowry for Appellant.

Edmund G. Brown, Attorney General, and Edward M. Belasco, Deputy Attorney General, for Respondents.

DRAPEAU, J. pro tem.*—March 22, 1956, the Department of Alcoholic Beverage Control of the State of California revoked the on-sale liquor license of Hollywood Circle, Inc., a corporation.

*Assigned by Chairman of Judicial Council.

March 23d, the order of revocation was mailed to Hollywood Circle.

April 20th, Hollywood Circle's petition for reconsideration was denied by the department.

May 3d, Hollywood Circle mailed its notice of appeal to the Appeals Board of the department.

May 7th, the Appeals Board filed the notice of appeal.

The Appeals Board dismissed the appeal for lack of jurisdiction, because it was filed more than 40 days after the department mailed the order of revocation.

Hollywood Circle appeals from a judgment of the superior court, denying its petition for a writ of mandate to review the proceeding of the board.

The first inquiry is whether or not the notice of appeal was filed in time.

Section 23081 of the Business and Professions Code provides in part, ''Within 40 days after the decision of the department is delivered or mailed'' an aggrieved party may appeal to the Appeals Board.

The Appeals Board is set up under the Constitution and Code as part of the administrative control of liquor sales in California. (Const., art. XX, § 22; Bus. & Prof. Code, § 23075.)

Section 10 of our Civil Code provides that the time in which an act provided by law is to be done is computed by excluding the first day and including the last, unless the last day is a holiday, and then it is also excluded.

Computing the time from the date of mailing the decision —March 23d—to the date of mailing the notice of appeal— May 3d—results in 41 days, eight in March, 30 in April, and three in May.

So here we have a case of first impression in California: Does the same strict rule that requires a notice of appeal to be filed within the time specified by law apply to an appeal to an appeal board of an administrative agency?

█ When an administrative remedy is provided by law, relief must first be sought from the administrative body, and this remedy must be exhausted before the courts will act. (*Temescal Water Co.* v. *Department of Public Works,* 44 Cal. 2d 90, 106 [280 P.2d 1], and cases cited.)

In the leading case of *Abelleira* v. *District Court of Appeal,* 17 Cal.2d 280, 292 [109 P.2d 942, 132 A.L.R. 715], Mr. Chief Justice Gibson, speaking for the Supreme Court, states the above rule; also that a court violating it acts in excess

of jurisdiction; and also that administrative remedies are not exhausted until an administrative appeal, if the law provides for it, is fully prosecuted.

The general policy of our law is not unfavorable to judicial review of administrative proceedings.     But it is the policy of our law that time limits for filing notices of appeal in all legal proceedings must be complied with literally and exactly. This is generally held to be a jurisdictional prerequisite. (*Cf., Estate of Hanley,* 23 Cal.2d 120 [142 P.2d 423, 149 A.L.R. 1250]; 3 Cal.Jur.2d 653.)

This court can see no reason why appeals in administrative tribunals should be governed by any other rule.

Therefore, in this case, the administrative appeal was filed too late, the Appeals Board correctly held that it had no further jurisdiction over it, the department's decision became final, and the courts have no jurisdiction to review the proceeding.

It is not necessary to this decision to consider whether the date of mailing the notice of appeal or of its filing by the department fixes the time within which the law requires that it be filed. For no matter how we compute the time, Hollywood Circle is still outside the 40-day limit.

In passing, however, perhaps this should be said: While it is a matter of legislative concern primarily, it seems to this court that in fairness time should be fixed by the date of mailing the notice of appeal, rather than by the date of filing it in the department in Sacramento. Time starts from mailing the decision of the department. So why shouldn't it end with mailing the notice of appeal to the Appeals Board?

The time elapsed from mailing the notice of appeal in this case to its filing—May 3d to May 7th—could have presented a close legal problem here. For a good old-time horse-drawn stage could have made it from Hollywood to Sacramento in four days.

Moreover, while our law as to time to file a notice of appeal is almost as rigid and unyielding as a Procrustean bed, it is not absolutely so. In some cases the courts may relieve an appellant from late filing of a notice of appeal, when the delay has not been his fault.

Now let's come back to the case.

Hollywood Circle argues:

1. The "final decision of the department" referred to in section 23081 of the Business and Professions Code includes the decision of the department on reconsideration.

2. Section 1013 of the Code of Civil Procedure is applicable to the 40-day period specified in section 23081.

3. Request and payment for the transcript of the record for review by the Appeals Board extends the time to appeal.

4. The trial court erred in sustaining the demurrer without leave to amend, denying petitioner at least one more chance to plead additional facts to state a cause of action.

5. The judgment must be reversed as the order of the Appeals Board on which the trial court relied in sustaining the demurrer, is invalid and ineffective under section 23086 of the Business and Professions Code.

6. Sections 11523 of the Government Code and 23086 of the Business and Professions Code are inconsistent, and Hollywood Circle had the right to petition for a writ of mandate without an appeal to the Appeals Board.

These arguments will be briefly mentioned.

█ 1. The proceedings for reconsideration did not affect the time for filing the notice of appeal. Section 23080 of the Business and Professions Code provides that "decision" means "any determination of the department imposing a penalty assessment or affecting a license which may be appealed to the board under Section 22 of Article XX of the Constitution."

█ 2. Section 1013 of the Code of Civil Procedure does not affect the time specified in section 23081 of the Business and Professions Code. █ The Appeals Board is a constitutional governmental body. (Bus. & Prof. Code, § 23075.) There appears to be no intent by the people in enacting the current liquor control laws in their Constitution, nor by the Legislature in implementing them, to extend in any manner the time for filing a notice of appeal specified in section 23081 of the Business and Professions Code.

█ 3. Request and payment for the transcript did not extend the time to file the notice of appeal.

█ 4. It was not error for the superior court to sustain the demurrer without leave to amend. █ When it appears from a complaint that it cannot be amended to state a cause of action, it is not an abuse of discretion to sustain a demurrer without leave to amend, even though it is interposed for the first time. (*Temescal Water Co.* v. *Department of Public Works, supra,* 44 Cal.2d 90, 107.)

█ 5. The order of the Appeals Board was neither invalid nor ineffective under section 23086 of the Business and Professions Code. This section of the Code requires the Appeals Board to enter its order within 60 days after filing the

528

appeal. May 7, 1956, the board filed the appeal. July 12, 1956, it dismissed it. No appeal was perfected and the section is clearly not applicable.

6. Referring to Hollywood Circle's final contention that it had the right to appeal under Government Code, section 11523, without appealing to the Appeals Board of the Department of Alcoholic Beverage Control. Examination of the constitutional and code provisions as to liquor control refutes this contention. The applicable part of the Constitution is as follows: ". . . When any person aggrieved thereby appeals from a decision of the department . . . revoking any license . . . the board shall review the decision subject to such limitations as may be imposed by the Legislature. (Const., art. XX, § 22.)

Pursuant to this constitutional power, the Legislature enacted section 23081 of the Business and Professions Code, with its requirement that an aggrieved person had 40 days in which to appeal from a decision of the department.

The judgment is affirmed.

White, P. J., and Fourt, J., concurred.

A petition for a rehearing was denied September 25, 1957, and appellant's petition for a hearing by the Supreme Court was denied October 30, 1957. Schauer, J., was of the opinion that the petition should be granted.