[Civ. No. 22679.   Second Dist., Div. One.   Dec. 9, 1957.]

LILLIAN VAN DE VEER, Appellant, v. DEPARTMENT OF ALCOHOLIC BEVERAGE CONTROL, etc., et al., Respondents.

Carl B. Sturzenacker and Walter Monarch for Appellant.

Edmund G. Brown, Attorney General, and Edward M. Belasco, Deputy Attorney General, for Respondents.

FOURT, J.—This is an appeal from a judgment denying a petition for a writ of review and affirming a decision and order of the Department of Alcoholic Beverage Control (hereinafter referred to as the "Department"), and affirming a decision of the Alcoholic Beverage Control Appeals Board (hereinafter referred to as "Appeals Board") revoking petitioner's on-sale general liquor license.

Appellant sought by her petition to have vacated and set aside a decision and an order of the Department revoking her general on-sale liquor license, and the decision of the Appeals Board granting the motion of the Department to dismiss appellant's administrative appeal, which such motion was made upon the ground that the appeal was not filed within the statutory time.

Appellant had a general on-sale liquor license for premises known as the "La Vie Club" in Altadena. A charge was filed with the Department to the effect that appellant permitted persons to resort to the premises for the purposes of engaging in homosexual activities, and alleging that continuance of the license would be contrary to public welfare and morals.

On January 17, 1956, a hearing was held on the charges, and on June 14, 1956, the Department, in its decision, found the charges to be true and ordered the license revoked. The decision was mailed from the Department in Sacramento to appellant in Altadena on June 14, 1956, and she thereafter filed a petition for reconsideration, which was denied by the Department on July 9, 1956.

On July 23, 1956, appellant mailed a notice to the Appeals Board which was received and filed by the Appeals Board on July 25, 1956, or 41 days after the Department had mailed its decision to the appellant. The Department moved to dismiss the appeal upon the ground that it was filed beyond the 40-day period provided for in section 23081, Business and Professions Code, and that the Appeals Board was without jurisdiction to consider the appeal. The motion was granted and the appeal was dismissed by the Appeals Board. As heretofore indicated, the judge of the trial court agreed with the Department and the Appeals Board and denied the petition for a writ of review.

Section 22 of article XX of the California Constitution provides in part as follows:

". . . When any person aggrieved thereby appeals from a decision of the department . . . revoking any license for the . . . sale of alcoholic beverages, the board shall review the decision subject to such limitations as may be imposed by the legislature."

Section 23081 of the Business and Professions Code provides:

"Within 40 days after the decision of the department is delivered or mailed to the parties, any party aggrieved by

a final decision of the department may appeal to the board from such decision. The appeal shall be in writing and shall state the grounds upon which a review is sought. A copy of the appeal shall be mailed by the appellant to each party who appeared in the proceeding before the department, including the department which shall thereafter be treated in all respects as a party to the appeal.''

█ The Appeals Board is a constitutional administrative appellate body whose sole function is to consider appeals as a part of the administrative control of liquor sales in California. (Cal. Const., art. XX, § 22.)

█ This court through Justice Drapeau recently stated in *Hollywood Circle, Inc.* v. *Department of Alcoholic Beverage Control,* 153 Cal.App.2d 523, at pages 525-526 [314 P.2d 1007]:

''When an administrative remedy is provided by law, relief must first be sought from the administrative body, and this remedy must be exhausted before the courts will act. (*Temescal Water Co.* v. *Department of Public Works,* 44 Cal.2d 90, 106 [280 P.2d 1] . . ., and cases cited.)

''In the leading case of *Abelleira* v. *District Court of Appeal,* 17 Cal.2d 280, 292 [109 P.2d 942, 132 A.L.R. 715] . . ., Mr. Chief Justice Gibson, speaking for the Supreme Court, states the above rule; also that a court violating it acts in excess of jurisdiction; and also that administrative remedies are not exhausted until an administrative appeal, if the law provides for it, is fully prosecuted.''

In this case the Department mailed its revocation decision to appellant on June 14, 1956, and on July 23, 1956, 39 days later, appellant deposited her notice of appeal in the mail. The notice of appeal was received and filed by the Appeals Board on July 25, 1956, the 41st day after the decision was mailed. In other words, the appeal was filed one day after the running of the 40-day statutory period.

█ This court said in the Hollywood Circle case, *supra* (at pages 526-527):

''But it is the policy of our law that time limits for filing notices of appeal in all legal proceedings must be complied with literally and exactly. This is generally held to be a jurisdictional prerequisite. (*Cf., Estate of Hanley,* 23 Cal.2d 120 [142 P.2d 423, 149 A.L.R. 1250] . . .; 3 Cal.Jur.2d 653.)

█ ''Therefore, in this case, the administrative appeal was filed too late, the Appeals Board correctly held that it had no further jurisdiction over it, the department's decision

became final, and the courts have no jurisdiction to review the proceeding.

. . . . . . . . . . . . . . . .

■ "Section 1013 of the Code of Civil Procedure does not affect the time specified in section 23081 of the Business and Professions Code."

Appellant contends (1) the time to file an appeal with the Appeals Board should commence to run from the date she received the decision of the Department, and (2) that her deposit of the notice of appeal in the mails constitutes a constructive filing.

■ The Legislature, under the constitutional provisions heretofore related, has the power to impose such limitations as it desires. The Legislature has acted and has provided (1) the appeal must be in writing; (2) the appeal must state the grounds upon which the review is sought; (3) a copy of the appeal must be mailed to each party including the Department, and (4) the appeal must be taken within 40 days after the Department's decision is delivered or mailed to the parties (Bus. & Prof. Code, § 23081), and the appeal must be determined only on the record and on briefs filed by the parties, who have the right to present oral argument (Bus. & Prof. Code, § 23083). In adopting the law as now written, the Legislature very properly provided that the time for filing an appeal begins to run upon the commencement of an official act by an agency of the state, namely, when the Department either *mails out its decision or personally serves it* on the party concerned, thereby placing it beyond the control of some licensees to delay and delay by claiming they never received the notice, or claiming they received it later than it was actually received, and thereby placing the burden upon the Appeals Board to determine on each occasion just when, if ever, such a notice was received. If the present law is too severe, and we do not mean to imply that it is, it is the province of the legislature to change it and it is not our right to do so by judicial decree.

■ As to the appellant's second contention, the Supreme Court has held that the mailing of a notice of appeal is not the equivalent of constructive filing. (*People* v. *Slobodion,* 30 Cal.2d 362 [181 P.2d 868] ; *McDonald* v. *Lee,* 132 Cal. 252 [64 P. 250] ; *Estes* v. *Chimes,* 40 Cal.App.2d 41 [104 P.2d 74].)

An analogy may be drawn between the provisions herein considered and the provisions of the Internal Revenue Code

(Int. Rev. Code [1954], 26 U.S.C.A. § 6213(a)). In part that section reads as follows:

"Within 90 days, or 150 days if the notice is addressed to a person outside the States of the Union and the District of Columbia, after the notice of deficiency authorized in Section 6212 is mailed (not counting Saturday, Sunday, or a legal holiday in the District of Columbia as the last day), the taxpayer may file a petition with the Tax Court for a redetermination of the deficiency. . . ."

Repeatedly the federal courts have held that unless the taxpayer officially filed his appeal to the reviewing tribunal within the statutory period the appeal must be dismissed. The depositing of a special delivery in the mail slot of the board two hours and 40 minutes after its official closing time on the last day of the statutory period was fatal to the appeal, the court holding that in general a paper is not filed within the contemplation of law until it is delivered to the proper officer to be filed by him. (*Lewis-Hall Iron Works* v. *Blair*, 23 F.2d 972, 974.) The same rulings have been applied in cases wherein the taxpayer deposited petitions for redetermination in the mail which would have been delivered in time but for adverse weather conditions which delayed the mail. (*Poynor* v. *Commissioner of Int. Rev.*, 81 F.2d 521; see also, *Louisiana Discount Corp.* v. *Commissioner of Int. Rev.*, 193 F.2d 495; *Di Prospero* v. *Commissioner of Int. Rev.*, 176 F.2d 76.)

As we interpret the language in question in this case, the Legislature meant to provide that the time would start to run, so far as the filing of an appeal was concerned, from the time the notice of *decision was mailed*. If it had intended to say that the time would start running when the decision was *mailed and delivered* to the parties, rather than when the "decision of the department is *delivered or mailed* to the parties" it would have been an easy matter to do so. (Emphasis added.) (See *Dolezilek* v. *Commissioner of Int. Rev.*, 212 F.2d 458.)

Judgment affirmed.

White, P. J., and Drapeau, J.,* concurred.

---

*Assigned by Chairman of Judicial Council.