[Civ. No. 5636. Fourth Dist. Apr. 16, 1958.]

JIM ANDERSON, Appellant, v. DEPARTMENT OF ALCO-HOLIC BEVERAGE CONTROL et al., Respondents.

Morris B. Chain for Appellant.

Edmund G. Brown, Attorney General, E. G. Funke, Assistant Attorney General, and William T. Chidlaw, Deputy Attorney General, for Respondents.

GRIFFIN, J.—The principal question here involved is whether petitioner, under the provisions of the Alcoholic Beverage Control Act (Bus. & Prof. Code, § 23081) filed his notice of appeal from an order of the respondent, Department of Alcoholic Beverage Control, revoking plaintiff's on-sale beer and wine license, within the required 40 days after "service or mailing" of such decision by said board. On December 20, 1956, the license was revoked and on the same date a certificate of such revocation was mailed by it to petitioner. It was received by him on December 24, 1956. On January 30, 1957, petitioner mailed his notice of appeal to the Alcoholic Beverage Control [Appeals] Board. It was not received by it until February 4, 1957. February 2nd and 3rd fell on Saturday and Sunday respectively. On March 4, 1957, the board, on motion, dismissed the appeal because it was not filed within the period above described. It subsequently denied

a motion to reconsider said decision. Petitioner, by way of mandate in the superior court, sought to require the board to hear and determine the appeal and to cancel and annul its decision on the ground that petitioner was not afforded a proper hearing in the first instance. Judgment went for respondents on the ground that petitioner had not exhausted his administrative remedies in that he had failed to perfect his appeal within the statutory time. Petitioner now claims, on this appeal, that an appeal to the Alcoholic Beverage Control [Appeals] Board was not a condition precedent to the right of judicial review by writ of mandate, citing section 11523 of the Government Code, and that since he subsequently petitioned for a reconsideration of the decision he had exhausted his remedy before said board and a writ of mandate was authorized.

 It has been uniformly held in this state, as to the right of judicial review of an administrative board, that all available administrative remedies must be first exhausted; that it is jurisdictional and cannot be excused by the court on the ground that it would cause unreasonable delay or hardship. (2 Cal.Jur.2d p. 304, § 184; *Alexander* v. *State Personnel Board*, 22 Cal.2d 198 [137 P.2d 433]; *United States* v. *Superior Court*, 19 Cal.2d 189, 194 [120 P.2d 26]; *City & County of San Francisco* v. *County of San Mateo*, 36 Cal.2d 196 [222 P.2d 860]; *Molina* v. *Munro*, 145 Cal.App.2d 601 [302 P.2d 818]; Cal. Const., art. XX, § 22.)

 It seems clear from the act under consideration that the 40 days within which petitioner could appeal begins to run from the time a decision is ''delivered or mailed'' to the licensee. The decision revoking petitioner's license was rendered and mailed to him on December 20, 1956. The notice of appeal was not received by the board until February 4, 1957, more than 40 days thereafter. The board lacked jurisdiction to consider the appeal. The fact that petitioner subsequently petitioned for reconsideration of that decision, which was denied, did not extend the time for appeal nor did it constitute a timely exhaustion of all remedies before seeking a petition for a writ of mandate. [3] Under section 23081 of the Business and Professions Code the only decision from which plaintiff could appeal was the decision revoking his license. A timely appeal to the appeals board is necessary to exhaust the administrative remedies. A licensee need not petition for reconsideration under the administrative procedure act in order to exhaust his administrative remedies.

(Gov. Code, § 11523.) See also *Hollywood Circle, Inc.* v. *Alcoholic Beverage Control,* 153 Cal.App.2d 523 [314 P.2d 1007] [writ of certiorari denied by U. S. Supreme Court 3/10/58.] ▮ This has been the construction and interpretation placed upon that act by the Alcoholic Beverage Control [Appeals] Board. This interpretation is entitled to consideration. (*Nelson* v. *Dean,* 27 Cal.2d 873 [168 P.2d 16, 168 A.L.R. 467].) It adopted as part of its Administrative Code, rule 180, title 4, chapter 1.1 of the California Administrative Code, which provides: "*Time of Appeal.* The appeal to the board shall be deemed filed on the date it is received in the principal office of the board." This rule follows the established general rule for appellate bodies, as set forth in 3 California Jurisprudence 2d, page 653, section 168. (See also *La Rue* v. *Board of Trustees,* 40 Cal.App.2d 287 [104 P.2d 689].) ▮ The mailing of a notice of appeal is not the equivalent of constructive filing. *Van De Veer* v. *Department of Alcoholic Beverage Control,* 155 Cal.App.2d 817, 822 [318 P.2d 686] and the late case of *Pesce* v. *Department of Alcoholic Beverage Control,* \*(Cal.App.) 322 P.2d 995, fortify this conclusion. (See also *Estate of Hanley,* 23 Cal.2d 120 [142 P.2d 423, 149 A.L.R. 1250]; and 3 Cal.Jur.2d p. 653, § 168.)

The refusal of the board to hear the appeal because the notice of appeal was filed too late and the trial court's conclusion that petitioner had not exhausted his remedies within the required time and in a proper way, was justified.

Judgment affirmed.

Barnard, P. J., and Mussell, J., concurred.

---

\*A hearing was granted by the Supreme Court on May 14, 1958.