[Civ. No. 9443.   Third Dist.   July 17, 1958.]

PETER T. RISHWAIN, Appellant, v. THE DEPARTMENT OF ALCOHOLIC BEVERAGE CONTROL et al., Respondents.

Michael & Papas for Appellant.

Edmund G. Brown, Attorney General, E. G. Funk, Assistant Attorney General, and James B. Davis, Deputy Attorney General, for Respondents.

WARNE, J. pro tem.*—This is an appeal from a judgment denying a petition for a writ of mandate sought to reverse the decision of the Department of Alcoholic Beverage Control which denied appellant's application for a transfer of an off-sale liquor license.

On May 16, 1957, the Department of Alcoholic Beverage Control filed its decision denying appellant's application for a transfer of an off-sale general liquor license and on the same day mailed the decision to the appellant.

On June 13, 1957, appellant filed a petition with the said board for reconsideration of its decision which was denied by an order reading: "On June 18, 1957, the Department of Alcoholic Beverage Control reconsidered its decision in the

*Assigned by Chairman of Judicial Council.

above entitled matter by ordering that reconsideration be denied." And on June 28, 1957, the department filed an amended order reaffirming said order as follows: "On June 18, 1957, the Department of Alcoholic Beverage Control acted upon the petition of Peter T. Rishwain, for reconsideration of the Department's decision in the above matter by ordering that reconsideration be denied."

Thereafter, on July 1, 1957, appellant filed an appeal from the decision on the merits with the Alcoholic Beverage Control Appeals Board, which was dismissed by said Appeals Board on July 25, 1957, on the ground that the Appeals Board had no jurisdiction to entertain the appeal since it had not been filed within the 40-day period provided by section 23081 of the Business and Professions Code.

Section 23081 provides: "Within 40 days after the decision of the department is delivered or mailed to the parties, any party aggrieved by the final decision of the department may appeal to the board from such decision. . . ."

Following the dismissal of the appeal by the Alcoholic Beverage Control Appeals Board, appellant filed a petition for a writ of mandate to compel both the department and the Appeals Board to annul their decisions in the instant matter and issue said license to appellant. The petition was denied and this appeal followed.

The decision of the trial court was based on a finding that appellant had not exhausted his administrative remedies as he did not file a timely appeal to the Appeals Board from the department's decision.

The sole question presented on this appeal is whether the proceedings on reconsideration extended the time for appeal as limited by the quoted provision of section 23081 of the Business and Professions Code. We do not deem it necessary to detail the various arguments of the respective parties as the issue has been settled by the decisions in *Hollywood Circle, Inc.* v. *Department of Alcoholic Beverage Control,* 153 Cal.App.2d 523 [314 P.2d 1007] (petition for hearing by Supreme Court denied, and petition for writ of certiorari denied by United States Supreme Court). In that case, which cannot be distinguished from this case, the court held that proceedings for reconsideration did not affect the time for filing the notice of appeal.

The judgment is affirmed.

Van Dyke, P. J., and Schottky, J., concurred.