[S. F. No. 19959.   In Bank.   Dec. 12, 1958.]

GASTON PESCE, Respondent, v. DEPARTMENT OF ALCOHOLIC BEVERAGE CONTROL et al., Appellants.

Edmund G. Brown, Attorney General, Charles A. Barrett and Wiley W. Manuel, Deputy Attorneys General, for Appellants.

Theodore Golden, Robert N. Stefan and J. Bruce Fratis for Respondent.

SHENK, J.—This is an appeal from a judgment of the Superior Court, Alameda County, ordering a writ of mandate directing the Alcoholic Beverage Control Appeals Board to set aside its order dismissing the petitioner's appeal from a decision of the department.

The question presented is whether section 1013 of the Code of Civil Procedure applies to extend the 40 day period prescribed by section 23081 of the Business and Professions Code for taking an appeal from a decision of the department.

The facts are undisputed. On July 25, 1956, the department rendered a decision recommending that the petitioner's on-sale license be revoked. A copy of the decision, addressed to the petitioner, was deposited by the department in the United States mail at Sacramento on July 26, 1956. The petitioner received it in Oakland on July 27, 1956. On September 4, 1956, he mailed a notice of appeal to the principal office of the board at Sacramento. This notice was received by the board on September 5, 1956. It thus appears that the notice of appeal was received by the board at Sacramento on the 41st day after the copy of the decision was mailed to the petitioner. The board dismissed the appeal on the ground that it was not taken within the time prescribed by section 23081 of the Business and Professions Code. That section provides: "Within 40 days after the decision of the department is delivered or mailed to the parties, any party aggrieved . . . may appeal to the board. . . . The appeal shall be in writing. . . . A copy of the appeal shall be mailed by the appellant to each party who appeared . . . including the department which shall thereafter be treated . . . as a party. . . ."

It is the board's position that the time for taking an appeal from a decision of the department is limited by section 23081 to 40 days and that to be effective the notice of appeal must be filed with the board within that period. The petitioner contends that the period prescribed by section 23081 is extended by the provisions of section 1013 of the Code of Civil Procedure, and as extended, his notice was filed within the period provided by law.

Section 1013 provides: "In case of service by mail, the notice or other paper must be deposited in the United States post office . . . in a sealed envelope, with postage paid, addressed to the person on whom it is to be served. . . . The

service is complete at the time of the deposit, but if within a given number of days after such service, a right may be exercised, or an act is to be done by the adverse party, the time within which such right may be exercised or act be done, is extended one day, together with one day additional for every full 100 miles distance between the place of deposit and the place of address, if served by different post offices, but such extension shall not exceed 30 days in all.'' Section 25760 of the Business and Professions Code states: ''Notice of any act of the department required by this division to be given . . . may be made personally or by mail. If made by mail, service shall be made in the manner prescribed by Section 1013 of the Code of Civil Procedure. In case of service by mail, the service is complete at the time of deposit in the United States Post Office.''

Both section 1013 and section 25760 provide that the service is complete at the time of deposit in the United States post office. It is this service which is referred to in section 1013 where it is stated ''. . . but if, within a given number of days after such service . . .'' a right is to be exercised, or an act is to be done, the time for exercising that right or performing that act is extended. Sections 23081 and 25760 contain nothing which would preclude the application of section 1013 in its entirety to the service of the board's decision and to the extension of the period in which an appeal can be taken from such decision. The Business and Professions Code and the Code of Civil Procedure are to be read and construed together under the ''well-recognized rule that for purposes of statutory construction the codes are to be regarded as blending into each other and constituting but a single statute.'' (*In re Porterfield*, 28 Cal.2d 91, 100 [168 P.2d 706, 167 A.L.R. 675] ; see also *Armenta* v. *Churchill*, 42 Cal.2d 448, 455 [267 P.2d 303] ; *Gillespie* v. *City of Los Angeles*, 36 Cal.2d 553, 558 [225 P.2d 522] ; *Estate of Risse*, 156 Cal.App.2d 412, 421 [319 P.2d 789] ; *Ryder* v. *City of Los Altos*, 125 Cal.App.2d 209, 211 [270 P.2d 532].) Applying this rule both the petitioner and the department are authorized to make service in the manner provided by section 1013.

Section 1013 was held inapplicable to section 23081 in *Van De Veer* v. *Department of Alcoholic etc. Control*, 155 Cal.App. 2d 817 [318 P.2d 686], and *Hollywood Circle, Inc.* v. *Department of Alcoholic etc. Control*, 153 Cal.App.2d 523 [314 P.2d 1007]. In the Hollywood Circle case, the court held section

1013 inapplicable on the ground that "The Appeals Board is a constitutional governmental body. (Bus. & Prof. Code, § 23075.) There appears to be no intent by the people in enacting the current liquor control laws in their Constitution, nor by the Legislature in implementing them, to extend in any manner the time for filing a notice of appeal specified in section 23081 of the Business and Professions Code." Courts too, are constitutional governmental bodies subject to strict time limits for hearing appeals. (See *Estate of Hanley,* 23 Cal.2d 120, 122 [142 P.2d 423, 149 A.L.R. 1250].) This, however, furnishes no ground for refusing to apply section 1013 to proceedings before those bodies. Any implications to the contrary in *Anderson* v. *Department of Alcoholic Beverage Control,* 159 Cal.App.2d 413 [324 P.2d 24]; *Van De Veer* v. *Department of Alcoholic etc. Control, supra,* 155 Cal. App.2d 817, and *Hollywood Circle, Inc.* v. *Department of Alcoholic etc. Control, supra,* 153 Cal.App.2d 523, are disapproved.

■ Sections 23081 and 25760 of the Business and Professions Code reasonably permit a construction which would include the application of section 1013 of the Code of Civil Procedure in its entirety to the filing of a notice of appeal from a decision of the Department of Alcoholic Beverage Control. That construction is consistent with the policy of the law which favors the preservation of the right of appeal and the hearing of appeals on their merits. (See *People* v. *Slobodion,* 30 Cal.2d 362 [181 P.2d 868]; *Manning* v. *Gavin,* 14 Cal.2d 44, 46 [92 P.2d 795]; *Haskins* v. *Crumley,* 152 Cal. App.2d 64, 66 [312 P.2d 276]; *Wilbur* v. *Cull,* 127 Cal.App.2d 655, 657 [274 P.2d 424].) As stated in *Wilbur* v. *Cull, supra,* at page 657, quoting from *Anderson* v. *Standard Lumber Co.,* 60 Cal.App. 445, 448 [213 P. 65], "Of course, the disposition of the courts is to hear appeals upon their merits and the sections of the code relating to the subject should be liberally construed with a view of promoting such purpose."

The judgment is affirmed.

Carter, J., Schauer, J., Spence, J., and McComb, J., concurred.

Gibson, C. J., and Traynor, J., dissented.

Appellants' petition for a rehearing was denied January 7, 1959. Gibson, C. J., and Traynor, J., were of the opinion that the petition should be granted.