HOLLYWOOD CIRCLE, INC. (a Corporation), Appellant,
v. DEPARTMENT OF ALCOHOLIC BEVERAGE
CONTROL et al., Respondents.

Rosenthal & Rosenthal and Allen M. Rosenthal for Appellant.

Stanley Mosk, Attorney General, and Warren H. Deering, Deputy Attorney General, for Respondents.

TRAYNOR, J.—In 1955 the Department of Alcoholic Beverage Control initiated proceedings for the revocation of petitioner's ''on-sale liquor license.'' Petitioner was charged

with a violation of section 25601 of the Business and Professions Code,[1] and after a hearing the department revoked the license. Petitioner attempted to appeal the department's decision to the Alcoholic Beverage Control Appeals Board. The board dismissed the appeal on the ground that it was not timely. Petitioner then sought a writ of mandate to compel the board to consider the appeal.

In the petition for the writ petitioner contended that section 1013 of the Code of Civil Procedure[2] applies to appeals to the board and that the appeal was therefore timely. The superior court denied the writ, and the District Court of Appeal affirmed. (*Hollywood Circle, Inc.* v. *Department of Alcoholic Beverage Control,* 153 Cal.App.2d 523, 527 [314 P.2d 1007].) We denied a petition for hearing, and the United States Supreme Court denied certiorari.

One year later this court expressly disapproved the Hollywood Circle case and held that section 1013 does apply to appeals to administrative agencies such as the board. (*Pesce* v. *Department of Alcoholic Beverage Control,* 51 Cal.2d 310, 312-313 [333 P.2d 15].) Petitioner then filed with the board an "Application for Relief from Erroneous Dismissal of Appeal." *The board denied* the application *and in this proceeding in mandamus petitioner seeks to compel the board to reinstate its appeal.* Petitioner contends that the dismissal of the appeal by the board was a void act and that neither

---

[1] "Every licensee, or agent or employee of a licensee, who keeps, permits to be used, or suffers to be used, in conjunction with a licensed premises, any disorderly house or place in which people abide or to which people resort, to the disturbance of the neighborhood, or in which people abide or to which people resort for purposes which are injurious to the public morals, health, convenience, or safety, is guilty of a misdemeanor."

Under section 24200 of the Business and Professions Code the violation of section 25601 is a ground for suspension or revocation of a liquor license.

[2] ". . . service by mail . . . is complete at the time of deposit [in a mail box], but if, within a given number of days after such service, a right may be exercised, or an act is to be done by the adverse party, the time within which such right may be exercised or act be done, is extended one day, together with one day additional for every full 100 miles distance between the place of deposit and the place of address. . . ."

In 1956, section 23081 of the Business and Professions Code provided that: "Within 40 days after the decision of the department is delivered or mailed to the parties, any party aggrieved by a final decision of the department may appeal to the board from such decision. . . ."

Petitioner mailed a notice of appeal 41 days after the decision of the department had been mailed. The notice of appeal was timely therefore only if section 1013 of the Code of Civil Procedure extended the time specified in section 23081.

section 23090 of the Business and Professions Code,[3] which prohibits reconsiderations and rehearings, nor the doctrine of res judicata, applies to void acts.

### The Dismissal of the Appeal by the Appeals Board was not a Void Act.

In support of its contention, petitioner invokes cases holding that a dismissal of a valid appeal is an act in excess of jurisdiction, and may therefore be reviewed in a proceeding in mandamus. (*Edwards* v. *Superior Court,* 159 Cal. 710, 713 [115 P. 649]; cf. *Corrigan* v. *Superior Court,* 72 Cal.App. 383, 385 [236 P. 364].) These cases, however, were concerned, not with the doctrine of res judicata, but with the propriety of review by extraordinary writ. (See *Abelleira* v. *District Court of Appeal,* 17 Cal.2d 280, 287, 288 [109 P.2d 942, 132 A.L.R. 715].) An act that may be in excess of jurisdiction so as to justify review by prerogative writ (*Abelleira* v. *District Court of Appeal, supra,* at 288; *Fortenbury* v. *Superior Court,* 16 Cal.2d 405, 407 [106 P.2d 411]) will nevertheless be res judicata if the court had jurisdiction over the subject and the parties. (*Signal Oil etc. Co.* v. *Ashland Oil etc. Co.,* 49 Cal.2d 764, 776-778 [322 P.2d 1].)

Petitioner does not contend that the board lacked jurisdiction over the parties. Nor can it be successfully contended that the board lacked jurisdiction over the subject. The subject was the procedure for filing an appeal to the board. Obviously the board had jurisdiction to determine whether a party followed the procedure prescribed for appearing before it. The board may have erred in its interpretation of the law prescribing the maximum time for filing an appeal, but " '[J]urisdiction [over the subject], being the power to hear and determine, implies power to decide a question wrong as well as right.' " (*Signal Oil etc. Co.* v. *Ashland Oil etc. Co., supra,* 49 Cal.2d 764, 778.)

### The Board's Order was Res Judicata

The doctrine of res judicata ". . . is based upon the sound public policy of limiting litigation by preventing a party who has had one fair trial on an issue from again

---

[3] "A final order of the board on appeal from a decision shall be in writing, and copies thereof shall be delivered to the parties personally or sent to them by registered mail. The order shall be final upon its delivery or mailing, and no reconsideration or rehearing shall be permitted."

drawing it into controversy.'' (*Bernhard* v. *Bank of America,* 19 Cal.2d 807, 811 [122 P.2d 892].) ■■■ This policy can be as important to orderly administrative procedure as to orderly court procedure. Some administrative determinations, however, differ greatly from court decisions and greater flexibility is required in applying the doctrine of res judicata to them. (See Groner and Sternstein, *Res Judicata in Federal Administrative Law,* 39 Iowa L. Rev. 300, 302-305.) ''The key to a sound solution of problems of res judicata in administrative law is recognition that the traditional principle of res judicata as developed in the judicial system should be fully applicable to some administrative action, that the principle should not be applicable to other administrative action, and that much administrative action should be subject to a qualified or relaxed set of rules concerning res judicata.''. (2 Davis, Administrative Law, 568; compare *Aylward* v. *State Board etc. Examiners,* 31 Cal.2d 833, 838 [192 P.2d 929] and *Empire Star Mines Co.* v. *California Emp. Com.,* 28 Cal.2d 33, 48 [168 P.2d 686] with *French* v. *Rishell,* 40 Cal.2d 477, 480 [254 P.2d 26] and *Goodman Bros., Inc.* v. *Superior Court,* 51 Cal.App.2d 297, 301 [124 P.2d 644]; see Parker, *Administrative Res Judicata,* 40 Ill. L. Rev. 56; 29 Cal. L. Rev. 741.)

■■■ The doctrine is not applied when the decision of the agency is made pursuant to its rule-making powers (*Olive Proration etc. Com.* v. *Agricultural etc. Com.,* 17 Cal.2d 204, 208 [109 P.2d 918]) or when ''. . . the legislature intended that the agency should exercise a continuing jurisdiction with power to modify or alter its orders to conform to changing conditions. . . .'' (*Olive Proration etc. Com.* v. *Agricultural etc. Com., supra,* at 209.) Likewise the public interest in preventing the practice of a profession by one not qualified may require a further review of the law applicable to a license to practice. (See *Aylward* v. *State Board etc. Examiners,* 31 Cal.2d 833 [192 P.2d 929].)

■■■ The function of the administrative agency in the present case, however, is the purely judicial one of reviewing another agency's decision to determine whether that decision conforms to the law and is supported by substantial evidence. (Bus. & Prof. Code, § 23084.) The doctrine of res judicata applies to such a decision, unless the statute creating the agency authorizes it to reconsider the case. Since the board is prohibited from reconsidering or reopening a case after

a copy of its decision has been mailed or delivered to the parties (Bus. & Prof. Code, § 23090, *supra*), its decision was res judicata.[4]

Moreover, we are not here concerned solely with the act of the board. Over four years ago petitioner sought a writ of mandate in the superior court and in that proceeding the interpretation of section 1013 of the Code of Civil Procedure and the validity of the action of the board was thoroughly litigated. The judgment denying the writ was affirmed on appeal and has now become final. Petitioner has had a full hearing on the merits of its case, three hearings on the issue of the timeliness of the appeal, and two denials of petitions for hearing on that issue. ▉ It is settled that the doctrine of res judicata applies to judgments on the merits in proceedings in mandamus. (*Caminetti* v. *Board of Trustees*, 1 Cal.2d 354, 356 [34 P.2d 1021]; *Price* v. *Sixth District Agricultural Assn.*, 201 Cal. 502, 515 [258 P. 387]; see *Napa Valley Elec. Co.* v. *Railroad Com. of California*, 251 U.S. 366, 372-373 [40 S.Ct. 174, 64 L.Ed. 310].) ▉ "[A] final judgment or order is res judicata even though contrary to statute where the court has jurisdiction in the fundamental sense, i.e., of the subject matter and the parties." (*Pacific Mut. Life Ins. Co.* v. *McConnell*, 44 Cal.2d 715, 725 [285 P.2d 636].) ▉ The determination in the first mandate proceeding that the dismissal of petitioner's appeal was proper therefore bars any further inquiry into that question. (*Napa Valley Elec. Co.* v. *Railroad Com. of California*, *supra*, 251 U.S. 366, 372-373.)

The judgment of the superior court denying the writ of mandate is affirmed.

Gibson, C. J., Peters, J., White, J., and Dooling, J., concurred.

SCHAUER, J., Dissenting. — I am in accord with the opinion authored for the District Court of Appeal (reported at (Cal.App.) 9 Cal.Rptr. 153) by Justice Ashburn and concurred in by Presiding Justice Fox and Justice pro tempore

---

[4]Administrative agencies often act in the dual capacity of tribunals and litigants. Since petitioner has not applied to the Department of Alcoholic Beverage Control pursuant to section 11522 of the Government Code for a reinstatement of its license we do not decide whether that agency as a litigant can waive the defense of res judicata and reconsider the correctness of the original decision revoking petitioner's license.

Kincaid, and by reference adopt it as explanatory of the reasons why I cannot join my associates in affirming the judgment of the superior court.

Although Justice Ashburn's opinion is fully adequate and impelling to the conclusions reached, it, of course, was written before the opinion of my associates and, in view of their position, it appears proper to add emphasis to those facts which essentially distinguish this case from cases relied on by the majority.

Preliminarily it is to be noted that it is now, and at all pertinent times has been, provided in the Constitution of this state that "When any person aggrieved thereby appeals from a decision of the department . . . revoking any license . . . the [Appeals] board *shall* review the decision. . . ." (Const., art. XX, § 22; italics added.) Most important here is the fact that until the District Court of Appeal acted in the matter now at bench, no appellate tribunal, either administrative or judicial, had ever exercised jurisdiction over the appeal of plaintiff-appellant; i.e., that party had never been accorded its constitutionally granted right. Each and every tribunal which possessed potential constitutional authority to act had expressly refused to pass on the matter. Chronologically the events were as follows:

1. On March 22, 1956, the Department of Alcoholic Beverage Control revoked plaintiff's on-sale license.

2. Plaintiff filed timely notice of appeal to the Appeals Board.

3. The Appeals Board refused to exercise its jurisdiction; it did not review the decision; it neither affirmed nor reversed; it dismissed solely for asserted want of jurisdiction although as a matter of law on the undisputed facts it did not have jurisdiction to dismiss (see *City & County of San Francisco* v. *Superior Court* (1959), 53 Cal.2d 236, 243-244 [2, 3] [347 P.2d 294] ; *Abelleira* v. *District Court of Appeal* (1941), 17 Cal.2d 280, 288, 291 [3, 4] [109 P.2d 942, 132 A.L.R. 715]) ; it was mandatorily bound to review the decision. ("When any person . . . appeals from a decision of the department . . . the board shall review the decision. . . ." (Const., art. XX, § 22).)

4. Plaintiff sought relief in the superior court. That court *declined to exercise jurisdiction to review*; it sustained a demurrer to plaintiff's complaint, without leave to amend, on the indisputably untenable theory that it had no jurisdiction to review the Appeals Board's dismissal of plaintiff's

appeal *because plaintiff had taken no (timely) appeal to the board.* To repeat, the trial court shared with the Appeals Board the erroneous notions that no appeal had been taken to the Appeals Board, that by failing to appeal to that board plaintiff had failed to exhaust its administrative remedy and, hence, that "the courts have no jurisdiction to review the proceeding." (*Hollywood Circle, Inc.* v. *Department of Alcoholic Beverage Control* (1957), 153 Cal.App.2d 523, 526 [4] [314 P.2d 1007] ; hearing denied by Supreme Court, Schauer, J., dissenting.)

5. Plaintiff appealed and the District Court of Appeal, although recognizing the injustice of the matter, shared the view of the Appeals Board and the trial court that, for the admittedly untenable reason above stated, "the courts have no jurisdiction to review the proceeding." And, as above noted this (Supreme) Court, by a divided vote, denied a hearing. Obviously this court shared the same untenable view that *it, as the lower courts had held, had no jurisdiction because no appeal had been taken to the Appeals Board.*

Approximately one year later this court, in *Pesce* v. *Department of Alcoholic Beverage Control* (1958), 51 Cal.2d 310, 312-313 [1-3] [333 P.2d 15], Gibson, Chief Justice, and Traynor, Justice, dissenting (see also *Silva* v. *Department of Alcoholic Beverage Control* (1958), 51 Cal.2d 885, 886 [333 P.2d 18], with the same justices dissenting) expressly disapproved the holding of the earlier Hollywood Circle case and properly recognized that an appeal taken under the circumstances of both the Hollywood Circle and the Pesce cases is timely and that the Appeals Board has jurisdiction thereof. There was no relevant change in the Constitution or in any statute between the first Hollywood Circle case and the Pesce decision. The law was then as it is now. And still Hollywood Circle has never had its day in court on appeal; it has never had the review granted to it by section 22 of article XX of the Constitution.

Constitutional jurisdiction of the subject matter—of the res of a cause—is not something which can be turned on or off by administrative agencies or courts. (See *In re Carmen's Petition* (1958), 165 F.Supp. 942, 949-951 [6-8], affmd. 270 F.2d 809, cert. den. 361 U.S. 934 [80 S.Ct. 375, 4 L.Ed.2d 355], rehrg. den. 361 U.S. 973 [80 S.Ct. 585, 4 L.Ed.2d 553] ; see also *In re Byrnes* (1945), 26 Cal.2d 824, 827-828 [1-2] [161 P.2d 376].) When a timely notice of appeal has been given,

736

the appellate tribunal acquires jurisdiction and that jurisdiction continues until it has been exercised or lawfully terminated; it is neither exercised nor terminated by the arbitrary dismissal of a timely appeal, on the mistaken assumption that no such appeal has been taken. Hence, plaintiff's appeal is still pending, and mandamus should issue to compel the Appeals Board to recognize and to exercise its jurisdiction thereof.

In the interests of justice as well as obedience to the law, I would reverse the judgment with directions that plaintiff be granted the relief sought.

McComb, J., concurred.