[Civ. No. 50022. Second Dist., Div. Three. Nov. 30, 1977.]

CITY OF SANTA BARBARA, Plaintiff and Appellant, v. CALIFORNIA COASTAL ZONE CONSERVATION COMMISSION et al., Defendants and Respondents.

COUNSEL

A. Barry Cappello, City Attorney, and Anthony C. Fischer, Deputy City Attorney, for Plaintiff and Appellant.

Evelle J. Younger, Attorney General, R. H. Connett, Assistant Attorney General, Edwin J. Dubiel and Douglas B. Noble, Deputy Attorneys General, for Defendants and Respondents.

OPINION

**POTTER, Acting P. J.**—Petitioner, City of Santa Barbara, appeals from the judgment dismissing its petition for a writ of mandate. The judgment was entered upon the sustaining of a demurrer to the petition without leave to amend. By its petition, the city sought a peremptory writ of mandate requiring respondent California Coastal Zone Conservation Commission (hereinafter Commission)[1] to process petitioner's appeal from the decision of the South Central Coast Regional Coastal Commission (hereinafter Regional Commission) denying petitioner's application for an exemption from the requirements for a permit under former sections 27400 and 27404 of the Public Resources Code. The petition alleged the filing of an application for the exemption, the denial by the Regional Commission on March 26, 1976, and the steps taken by petitioner to appeal to the Commission. The allegations in this latter respect were as follows:

"On April 7, 1976, Petitioner mailed to Respondent via certified mail, return receipt requested, properly addressed and postage prepaid, an Appeal From Decision of Regional Commission On Permit Application. A copy of said appeal is attached hereto as Exhibit 'B.'

"A copy of said appeal was received by the South Central Coast Regional Commission on April 9, 1976."

---

[1]The California Coastal Commission, as "successor in interest . . . of the California Coastal Zone Conservation Commission," pursuant to Public Resources Code section 30331, effective January 1, 1977, has filed its "Respondents' Brief," but no formal substitution of parties has been effected.

[

The petition further set forth by attachment of exhibits the Commission's advice by letter of April 14, 1976, that the Regional Commission's decision was final inasmuch as "Pub. Res. Code section 27420(c) provides that a decision of a Regional Commission becomes final after the tenth working day unless an appeal is filed within that time" and the appeal "was not received in our office until after the 10th day." Also attached as an exhibit was the city's responsive letter asserting that the appeal was "timely filed" by virtue of (1) receipt by the Regional Commission on April 8, 1976, and (2) the mailing of the appeal on April 7, 1976, by certified mail to the Commission. In this latter respect, the letter asserted the existence of an administrative interpretation by the Commission construing section 27420, subdivision (c), in accordance with the city's contention.[2]

The petition also attached a copy of the appeal as filed upon a form which apparently was supplied by the Commission. This form, which was entitled "Appeal From Decision of Regional Commission on Permit Application," showed the address of the Commission in San Francisco above the title and contained the following matter after the signature line:

"NOTICE TO APPELLANT

"1. As soon as possible after the filing of the appeal, the appellant shall notify the above parties, as well as the Regional Commission, of the appeal. Such notification shall be by delivering a copy of the completed Appeal to said parties. In any event, however, such notification shall be by such means as may reasonably advise said parties of the pendency of the appeal. Unwarranted failure to perform such notification may be grounds for dismissal of the appeal.

"2. The original copy of the completed notice of appeal shall be filed with the California Coastal Zone Conservation Commission at the address shown on the heading of this form. *The appeal must be filed within ten (10) working days following the final action on the application by the Regional Commission or the Regional Commission's decision becomes final.*" (Italics in original.)

---

[2]The allegations of the letter were statements of evidentiary rather than ultimate facts, and the petition did not expressly adopt them. Any defect in this respect would, however, not justify sustaining the demurrer without leave to amend. We will, therefore, treat the petition as alleging an administrative construction by virtue of which appeals were deemed filed on the date of mailing to the Commission.

The trial court issued its alternative writ of mandate on June 11, 1976. The Commission's return, filed July 1, 1976, was a demurrer to the petition[3] upon the ground that it failed to state facts sufficient to constitute a cause of action in that petitioner "does not allege that the appeal from a Regional Commission determination on a claim of exemption was received by the California Coastal Zone Conservation Commission within ten working days of said determination."

*Issues*

The petitioner contends that its appeal from the decision of the Regional Commission was timely in light of the "prior administrative interpretation and the intent of the [applicable administrative] regulation." Respondent contends that the appeal was not timely since it was not received by the Commission before the end of the tenth working day.

*Discussion*

The petition alleges that the appeal "was received by the South Central Coast Regional Commission on April 9, 1976." This was within 10 working days from the date of the Regional Commission's decision. Neither the applicable provisions of the Coastal Initiative nor any regulations in effect at the time specified where the appeal was required to be filed or received. Thus, the statute and regulations were ambiguous with respect to where the appeal was to be filed. The filing with the Regional Commission was, therefore, sufficient unless an established administrative construction to the contrary was pleaded and proved (and none was). The statute and regulations were also silent on the question when an appeal was deemed filed. Petitioner was, therefore, entitled to rely upon an administrative construction resolving this ambiguity.

The presently effective regulations clearly specify both the time and place and the manner in which appeals from decisions of Regional Commissions must be filed. A single subchapter of title 14, California Administrative Code, as amended June 10, 1977, governs appeals from both "permit action" and "claims of vested rights" (exemptions). Section 13111 authorizes appeals in permit matters, and section 13113 authorizes appeals in exemption matters. In either case, the filing of the appeal is

---

[3]A separate "Return by Way of Answer" was also filed. It is, however, not relevant to this appeal inasmuch as the judgment was based entirely upon the order sustaining the demurrer without leave to amend.

governed by section 13120 which clearly states that a notice of the appeal "must *be received in the commission office* by 5:00 p.m. on the tenth working day following the decision of the regional commission." (Italics added.) By this regulation, appellants are clearly advised not only when but where their appeal must be filed. So long as these regulations remain in effect, appeals not filed in accordance therewith will be beyond the jurisdiction of the Commission. (See *Van De Veer* v. *Dept. Alcoholic etc. Control,* 155 Cal.App.2d 817, 820 [318 P.2d 686].)

However, at the time petitioner's appeal was taken in this matter, no such regulations were in effect. At that time, the only provisions governing appeals from Regional Commission decisions were former Public Resources Code section 27420, subdivision (c), and sections 13900 and 13902 of title 14 of the California Administrative Code.

Public Resources Code section 27420, subdivision (c), merely specified the date of finality of Regional Commission decisions *granting or denying permits*[4] by stating that such decisions "shall become final after the 10th working day unless an appeal is filed within that time." Though this provision may imply that such an appeal must actually be received by some agency within the 10-day period, it does not suggest which agency must receive it. California Administrative Code sections 13900 and 13902 likewise failed to specify a place of filing. Their text was as follows:

"An applicant whose application for a permit has been denied or who challenges conditions imposed on a permit issued, or any person aggrieved by approval of a permit by a Regional Commission, may appeal to the Commission before the end of the tenth working day following the vote on the application by a Regional Commission. Such appeal shall be filed on a form adopted by the Commission." (§ 13900.)

"Any person aggrieved by the determination of a Regional Commission on a claim of exemption shall have the right to appeal to the

[4]The right to appeal from the grant or denial of a permit was granted by Public Resources Code section 27423. No comparable provisions of the California Coastal Zone Conservation Act of 1972 expressly authorized appeals from determinations of Regional Commissions relating to vested rights. However, in *State of California* v. *Superior Court (Veta)* 12 Cal.3d 237, 250 [115 Cal.Rptr. 497, 524 P.2d 1281], our Supreme Court held that the Commission's power to issue regulations pursuant to section 27240 "is sufficiently broad to empower the Commission to adopt" regulations subjecting Regional Commission determinations of exemption to review by the Commission. In any event, neither party questions the Commission's jurisdiction to review (by an appeal timely filed) the Regional Commission's action denying the exemption.

Commission within ten (10) working days following Regional Commission determination. A form shall be provided by the Commission for this purpose." (§ 13902.)

At the time of petitioner's attempted appeal, these regulations had been in effect since March 2, 1974. The predecessor section of section 13900 was section 13700, adopted March 17, 1973. This predecessor section did specify the place of filing, stating in this respect: "Such appeal shall be *filed with the Commission* within ten (10) days following the final action on the application by a regional commission." (Italics added.) Such language was, however, eliminated in the 1974 form. The predecessor section to section 13902 was section 13810 which was in a chapter separate from that containing former section 13700. Like its successor section, section 13810 failed to specify either that the appeal be "filed" or a place of filing.

It is apparent from the foregoing recital that at the time of appellant's appeal no provision of law or regulation specified a place for the filing of appeals in either permit matters or exemption matters. Respondent attempts to fill this void with the unsupported assertion that "[i]n administrative proceedings as well as in courts, the rule is that an appeal is deemed filed *when received by the appellate body . . . .*" (Italics added.) The authorities cited in support of this proposition include one criminal appellate matter, one civil appellate matter, and two matters involving review of determinations of the Department of Alcoholic Beverage Control by the Alcoholic Beverage Control Appeals Board.[5] Of course, the two cases involving appeals from judgments of the superior court do not support respondents' assertion; the place for filing the appeal was governed by California Rules of Court, Rules on Appeal, rule 1, which specifies that "[a]n appeal from a judgment of a superior court or from a particular part thereof is taken by filing with the clerk *of that court* a notice of appeal therefrom." (Italics added.) Moreover, none of the cases involved any question concerning the place of filing.

Respondent's assumption that the normal place to file appeals is with the appellate body is clearly erroneous. As above pointed out, appeals from the judgments of the superior court are initiated by filing a notice

---

[5]These cases are *People* v. *Slobodion,* 30 Cal.2d 362, 367 [181 P.2d 868]; *Nu Way Associates, Inc.* v. *Keefe,* 15 Cal.App.3d 926, 928 [93 Cal.Rptr. 614]; *Anderson* v. *Dept. of Alcoholic Beverage Control,* 159 Cal.App.2d 413, 416 [324 P.2d 24]; *Van de Veer* v. *Dept. of Alcoholic Beverage Control, supra,* 155 Cal.App.2d at pages 821-822.

of appeal with that court. The statutes and administrative regulations governing appeals to administrative appellate bodies do not manifest any consistent pattern in this respect. Title 8, California Administrative Code, section 359 governs appeals to the Occupational Safety and Health Appeals Board. It provides that "[a]n appeal shall be deemed filed on the date a request indicating a desire to appeal an action by the Division is delivered or mailed to an office of the Appeals Board. . . ." Title 22, section 5104, governs appeals from determinations of the Employment Development Department (EDD) and the Department of Benefit Payments (DBP) to the Unemployment Insurance Appeals Board. It provides as follows: "An appeal shall be deemed filed on the date it is delivered or mailed to the principal office of the Appeals Board, to an Office of Appeals, *or to an office of the Department* (EDD or DBP). . . ." (Italics added.) Business and Professions Code, section 23081, governs appeals from determinations of the Department of Alcoholic Beverage Control to the Alcoholic Beverage Control Appeals Board. It specifies that the party aggrieved "may *file an appeal with the board* . . . ." (Italics added.) Finally, appeals to the Workers' Compensation Appeals Board are covered by title 8, Administrative Code, section 10840, which provides that "[p]etitions for reconsideration may be filed in any office of the Appeals Board."

It is thus apparent that a requirement that an appeal to an administrative appellate body be "filed" does not suffice to determine that it is to be filed with the appellate body. In the case of agencies making determinations on the basis of a record, the filing of the notice of appeal with the body conducting the initial hearing is more logical since it will be called upon to provide a record to the appellate body before the appeal can be further processed. We, therefore, conclude that a regulation which fails to specify where the appeal may be filed does not require filing with the appellate body.

Respondents' reliance upon the above quoted "Notice to Appellant" on the form utilized by petitioner to file its appeal is misplaced. The inclusion of such a notice on the form did not constitute the adoption of a regulation. (See Gov. Code, § 11371, subd. (b).) The use of the form was not mandatory under the specific regulation governing appeals in exemption matters, even if the permit appeal form was the form "provided by the Commission for this purpose." At most, petitioner's use of the form constituted some evidence tending to show (1) the existence of an administrative interpretation of the regulations as

requiring the filing of the appeal with the Commission, and (2) petitioner's knowledge thereof. Inasmuch as the regulations were ambiguous in this respect, they were subject to interpretation by administrative construction; "an administrative agency's interpretation of its own regulation obviously deserves great weight . . . ." (*Carmona* v. *Division of Industrial Safety,* 13 Cal.3d 303, 310 [118 Cal.Rptr. 473, 530 P.2d 161]) but the fact, as pleaded, that a specific form was used in a single appeal does not invoke the rule that "[a] course of administrative procedure, or an administrative construction of a statute, which has been long continued, will be accorded great respect by the courts and will be upheld if not clearly erroneous" (*Los Angeles City School Dist.* v. *Simpson,* 112 Cal.App.2d 70, 75 [245 P.2d 629]). If respondents are to establish such an administrative interpretation in this case, it is patent that much more will be required than reliance upon petitioner's use of the form in this single instance. Petitioner's pleading does not show the existence of such an administrative interpretation and the sustaining of the demurrer without leave to amend cannot be upheld on that basis.

Furthermore, as respondents' case will involve reliance upon administrative interpretation of the regulation, so may petitioner rely upon the same principle to resolve the ambiguity in the regulation concerning when the appeal will be deemed filed. The provisions of the Administrative Code governing administrative appeals to appellate administrative tribunals (other than the Commission) show that filing, as often as not, is deemed complete upon mailing. Two of the regulations so provide, whereas the other two appear to require receipt. The regulation here applicable does not even specify the time within which the appeal in exemption matters must be "filed"; it states only that the party aggrieved "shall have the right to appeal to the Commission within ten (10) working days . . . ." (Tit. 14, Cal. Admin. Code, § 13902.) The regulation is, therefore, ambiguous on the question whether the appeal is effected by mailing or requires actual receipt by the agency, and petitioner should be permitted to plead and prove an administrative interpretation adopting the date of mailing as the filing date.

The petition, therefore, adequately pleads a cause of action upon the basis that the appeal was perfected upon receipt by the Regional Commission since the applicable regulation does not specifically require that the appeal be filed with the Commission, and any administrative construction imposing such a requirement is a matter of pleading and proof on the part of respondents. Furthermore, even if the Commission

be so established as the place of filing, the regulation is ambiguous as to what constitutes filing, and petitioner is entitled to the opportunity to prove an administrative interpretation that timely mailing suffices. Our holding in these respects is "consistent with the policy of the law which favors the preservation of the right of appeal and the hearing of appeals on their merits. . . ." (*Pesce* v. *Dept. Alcoholic Bev. Control,* 51 Cal.2d 310, 313 [333 P.2d 15].) The judgment dismissing the petition is, therefore, erroneous.

The judgment is reversed and the cause remanded for further proceedings consistent with this opinion.

Allport, J., and Ibáñez, J.,* concurred.

*Assigned by the Chairperson of the Judicial Council.