[Civ. No. 20795.   First Dist., Div. Three.   Jan. 30, 1963.]

HUBERT A. HEIDKAMP et al., Plaintiffs and Appellants, v. THE DEPARTMENT OF ALCOHOLIC BEVERAGE CONTROL et al., Defendants and Respondents.

Golden & Stefan, J. Bruce Fratis and Marvin B. Ellenberg for Plaintiffs and Appellants.

Stanley Mosk, Attorney General, Peter T. Kennedy and Wiley W. Manuel, Deputy Attorneys General, for Defendants and Respondents.

DEVINE, J.—Appellants' liquor license was ordered revoked by the Department of Alcoholic Beverage Control on

March 9, 1961, to become effective April 20, 1961. Appellants asked for reconsideration, which was denied, and they appealed to the Alcoholic Beverage Control Appeals Board, which affirmed the decision of the department, and so notified appellants on January 23, 1962. On March 7, 1962, appellants filed their petition for writ of mandate against the Department of Alcoholic Beverage Control, alleging that they did not have a fair trial, that there was a prejudicial abuse of discretion in that the findings of the department are not supported by substantial evidence, that the decision is not supported by the findings, that the penalty imposed is excessive and is not supported by the evidence or the findings, and that they have exhausted their administrative remedies by unsuccessful appeal to the Alcoholic Beverage Control Appeals Board. They seek a writ commanding the department to set aside its decision and penalty. The Alcoholic Beverage Control Appeals Board is not made a party to the proceeding for writ of mandate.

Demurrer was filed by the department in which it pleads the bar of the statute of limitations, and the demurrer was sustained without leave to amend, and judgment for respondent was given, denying the petition. From the judgment, this appeal is taken.

The question is whether section 11523 of the Government Code bars the proceeding.

Respondent contends that the present proceeding, an application for writ of mandate, is in essence as well as in form a proceeding against the Department of Alcoholic Beverage Control, not a proceeding against the Alcoholic Beverage Control Appeals Board, and that section 11523 is controlling. Appellants contend that the mandamus proceeding, although in form directed against the department, actually is a proceeding to set aside the decision of the appeals board and that section 11523 does not apply. They contend that the only applicable statute of limitations is the ''catch-all'' four-year statute, section 343 of the Code of Civil Procedure, for actions not otherwise provided for.

Section 11523 of the Government Code, so far as it is relevant here, reads: ''Judicial review may be had by filing a petition for a writ of mandate in accordance with the provisions of the Code of Civil Procedure. Except as otherwise provided in this section any such petition shall be filed within 30 days after the last day on which reconsideration can be ordered. The right to petition shall not be affected by the fail-

ure to seek reconsideration before the agency.'' Section 11500 of the Government Code provides that the word ''agency'' as used in chapter 5 (in which section 11523 is contained) includes the state boards, commissions and officers enumerated in section 11501 and those to which the chapter is made applicable by law. Section 11501 includes, among the enumerated agencies, the Department of Alcoholic Beverage Control. Thus, section 11523 applies to the Department of Alcoholic Beverage Control.

The petition for writ of mandate was filed more than 30 days after finality of the decision of the Alcoholic Beverage Control Appeals Board affirming the decision of the respondent department. The appeals board, if it had reversed the department's decision, could have ordered reconsideration of the matter in the light of its order. (Bus. & Prof. Code, § 23085.) When it affirmed the decision of the department and delivered copies to the parties, the order of the appeals board became final and the possibility of reconsideration terminated, because the law precludes reconsideration or rehearing following order of the appeals board. (Bus. & Prof. Code, § 23090.)

Appellants would have us hold that the proceeding which they commenced is for the purpose of reviewing an order of the appeals board. There is provision for judicial review of final orders of that board, contained in section 23091 of Business and Professions Code, which reads as follows: ''Final orders of the board shall be subject to judicial review as prescribed by law. Where any statute specifies a limited period within which an action for judicial review of any matter within the jurisdiction of the board may be instituted, the time for filing the action shall commence to run on the date on which the final order of the board is delivered to the parties personally or sent to them by registered mail.'' There is no statute which expressly refers to a certain time within which to proceed against a final order of the appeals board, the only reference in any statute mentioning the board being the one quoted immediately above.

■ ■ It is our conclusion that the mandamus proceeding is one for the purpose of reviewing a decision of the department, that it is subject to the limitation of section 11523 of the Government Code, and that it is barred. Our reasons are: (1) Although appeal to the appeals board is a necessary step before judicial review may be had (*Hollywood Circle, Inc.* v. *Department of Alcoholic Beverage Control*, 153 Cal.App.2d 523 [314 P.2d 100]), nevertheless, when there has been an

affirmance by the appeals board, the decision of the department is the effective order and the one which is subject to the judicial review. The first sentence of section 11523, which refers to judicial review (of decisions of the agencies enumerated in section 11501), would have no meaning so far as concerns the Department of Alcoholic Beverage Control if review in cases of affirmance were not of decisions of the department. (2) The case of *Martin* v. *Alcoholic Beverage Control Appeals Board,* 52 Cal.2d 238 [340 P.2d 1], holds that where the appeals board has reversed the department, the judicial review is necessarily directed at the decision of the appeals board, and distinguishes such cases from those in which the appeals board had affirmed the department (pp. 244-245). (3) Appellants have recognized this distinction themselves by their action, because their petition for writ of mandate is directed against the department only. (4) Although we could not, of course, create a limitations statute where none exists, we find confirmation in our view, as expressed in the three reasons just stated, in looking to the policy of the law relating to judicial review of administrative decisions, and that policy, as appears from the entire chapter 5 of the Government Code, relating to administrative adjudication, is favorable to expeditious determination.

Judgment affirmed.

Draper, P. J., and Salsman, J., concurred.

A petition for a rehearing was denied February 26, 1963, and appellants' petition for a hearing by the Supreme Court was denied March 27, 1963.