[Civ. No. 28017.   Second Dist., Div. Four.   Aug. 31, 1964.]

VERNON C. WALTERS, Plaintiff and Appellant, v. CON-
TRACTORS' STATE LICENSE BOARD et al.,   De-
fendants and Respondents.

Samuel Maidman for Plaintiff and Appellant.

450

Stanley Mosk and Thomas C. Lynch, Attorneys General, and Henry G. Ullerich, Deputy Attorney General, for Defendants and Respondents.

BURKE, P. J.—Petitioner conducted an electrical contracting business as a partnership. He had, as the qualifying partner, obtained a contractor's license for the company. The business failed and he voluntarily requested cancellation of the company license by the State Registrar of Contractors. He filed a petition in bankruptcy as an individual and thereafter made application with the Contractors' State License Board for a new electrical contractor's license as an individual. The application was denied and the company's license was revoked. He seeks a writ of mandate nullifying the board's order denying him a license and compelling the issuance of a license to him. The superior court denied his petition for a writ upon the grounds that the petition for the writ was not timely filed within the limitations of section 11523 of the Government Code, within 30 days after the last day on which reconsideration of the administrative decision could have been ordered or within five days after the delivery of the administrative record to petitioner; that such statutory periods of limitations were jurisdictional. Petitioner appeals from such judgment.

Petitioner's appeal is proper and must be sustained. The Supreme Court in the recent case of *Ginns* v. *Savage,* 61 Cal.2d 520 [39 Cal.Rptr. 377, 393 P.2d 689], has ruled that the statutory periods within which mandamus petitions may be filed are not jurisdictional in nature, as are periods within which appeals may be taken from lower courts, but are mere statutes of limitations, and has declared: "Where delay in commencing action is induced by conduct of the defendant it cannot be availed of by him as a defense [citation], even though there was no designed fraud on the part of the person sought to be estopped."

In the instant case petitioner filed his license application on March 14, 1963. On March 18, 1963, an accusation and statement of issues was served upon him and a hearing held on April 4, 1963, upon charges of violating sections 7113, 7113.5, 7121, 7069, 7069, subdivision (a), and 7108 of the Business and Professions Code. Section 7069 and 7069 subdivision (a), refer to the requirement of good character, and lack of character may be established by conduct which would be grounds for the suspension or revocation of a contractor's

license. The proposed order of the hearing officer was adopted by the registrar of contractors on April 17, 1963, the decision to become effective on May 14, 1963. However, the decision was not mailed or received by petitioner until May 6, 1963. It revoked the partnership license and denied the application of petitioner for an individual electrical contractor's license.

On May 6, 1963, upon receipt of such decision, petitioner wrote the office of administrative procedure and requested the cost of a transcript of the administrative hearing. On May 7, 1963, the reporter gave his estimate of such cost. On May 22, 1963, petitioner transmitted such cost to the reporter. On June 18, 1963, petitioner received the completed administrative record. On June 19, 1963, petitioner's petition, points and authorities and the transcript were tendered to the clerk in department 65 of the superior court but refused for lack of an affidavit of service upon Leo B. Hoschler personally as registrar of contractors and as secretary of the Contractors' State License Board. On June 20, 1963, petitioner forwarded the documents to the Sheriff of Sacramento County to make the personal service on the registrar. On June 20, 1963, the petition and points and authorities were served on Deputy Attorney General Henry G. Ullerich, Esq. On June 28, 1963, the sheriff's affidavit of service was received by petitioner and found not in accordance with petitioner's instructions. Petitioner requested a corrected and proper affidavit of service which was received and filed with the petition for writ of mandate, points and authorities and transcript in department 65 on July 2, 1963. The trial court accepted the filing and issued an alternative writ of mandate to the registrar. On August 5, 1963, a return was made to the writ and the separate and affirmative defense of the time limitations for filing the petition for the writ set forth in section 11523 of the Government Code was pleaded. The trial court ordered hearing on such affirmative defense before trial of any other issues, which included (a) insufficiency of evidence to support the decision of the registrar that petitioner was in violation of Business and Professions Code provisions, and (b) that section 7113.5 of the Business and Professions Code (adjudication of bankruptcy being cause for disciplinary action) is unconstitutional as an encroachment upon the federal bankruptcy field. The affirmative defense of limitations was sustained and judgment discharging the alternative writ and denying the writ of mandate was entered, as stated.

Sections 11519, 11521 and 11523 of the Government Code are pertinent to the issue before us and are set forth in the footnote.[1]

The registrar contends that the requirements of the Government Code regarding time of filing were not met by petitioner. Section 11523 provides in part: ''Except as otherwise provided in this section any such petition shall be filed within 30 days after the last day on which reconsideration can be ordered. The right to petition shall not be affected by the failure to seek reconsideration before the agency.''

Section 11521, subdivision (a), also provides: ''The agency itself may order a reconsideration of all or part of the case on its own motion or on petition of any party. The power to order a reconsideration shall expire 30 days after the delivery or mailing of a decision to respondent, or on the date set by the agency itself as the effective date of the decision if such date occurs prior to the expiration of the 30-day period or at the termination of a stay of not to exceed 30 days which the agency may grant for the purpose of filing an application for reconsideration. If no action is taken on a petition within the time allowed for ordering reconsideration the petition shall be deemed denied.''

Here the agency set the effective date of its order as May

[1]Section 11519 provides that: ''(a) The decision shall become effective 30 days after it is delivered or mailed to respondent unless: A reconsideration is ordered within that time, or the agency itself orders that the decision shall become effective sooner, or a stay of execution is granted.

''(b) A stay of execution may be included in the decision or if not included therein may be granted by the agency at any time before the decision becomes effective. . . .''

Section 11521 provides that: ''(a) The agency itself may order a reconsideration of all or part of the case on its own motion or on petition of any party. The power to order a reconsideration shall expire 30 days after the delivery or mailing of a decision to respondent, or on the date set by the agency itself as the effective date of the decision if such date occurs prior to the expiration of the 30-day period or at the termination of a stay of not to exceed 30 days which the agency may grant for the purpose of filing an application for reconsideration. If no action is taken on a petition within the time allowed for ordering reconsideration the petition shall be deemed denied.''

Section 11523 provides that: ''Judicial review may be had by filing a petition for a writ of mandate in accordance with the provisions of the Code of Civil Procedure. Except as otherwise provided in this section any such petition shall be filed within 30 days after the last day on which reconsideration can be ordered. The right to petition shall not be affected by the failure to seek reconsideration before the agency. . . .''

14, 1963. The effective date was not stayed. Therefore, the registrar contends, his power to order reconsideration expired on that date and the time allowed petitioner to file his petition for writ of mandate expired 30 days later, or June 13, 1963. The petition was filed on July 2, 1963, and was, therefore, not timely filed and of no effect.

Petitioner, however, disputes such contention as being the only interpretation of the code provisions applicable here. He argues that section 11523 specifically provides: *"The right to petition [for a writ of mandate] shall not be affected by the failure to seek reconsideration before the agency."* (Italics added.) This being so, his failure to request reconsideration on or before May 14, 1963, the effective date of the order, should not operate to deny him the benefit of the allowable time for requesting reconsideration, which is a 30-day period from his receipt of notice of the decision. If petitioner does not seek reconsideration and is not affected by his failure to do so, May 6, 1963, the date of delivery of the agency's decision, petitioner contends, is the date from which he could have 30 days to request reconsideration and the agency could order reconsideration on the last day of such period, or, if it did not do so, the petition for reconsideration would be deemed denied, from which date petitioner would then have an additional 30 days, that is, until July 5, 1963, within which to file a petition for writ of mandate.

Although section 11521 provides, in part, that "[t]he power to order a reconsideration shall expire . . . on the date set by the agency itself as the effective date of the decision, . . ." such provision is a disjunctive part of the whole section, the last portion of the section reading *". . . or at the termination of a stay of not to exceed 30 days which the agency may grant for the purpose of filing an application for reconsideration."* (Italics added.) Therefore, petitioner states, the last day on which the agency *could act* in granting an extension of 30 days' time for a stay of execution or an order of reconsideration, in the instant case, was May 14, 1963, the effective date of the order. If petitioner had requested such a stay or reconsideration he would have had an additional 30 days allowed, that is, until June 14, 1963, before the time would start running (30 days) to file his petition for writ of mandate, giving him until July 14, 1963, to file his petition for writ of mandate. Or, under section 11521, the agency, *sua sponte,* could have ordered reconsideration, or granted a

30-day stay, which it did not do, but, as stated, petitioner is not to be penalized for his failure to request reconsideration by the specific provisions of section 11523. Under any of these interpretations of petitioner, his filing of his petition for writ of mandate was timely.

In *Crow* v. *City of Lynwood,* 169 Cal.App.2d 461, 464 [337 P.2d 919], the court said: ". . . that section 11523 of the Government Code provides that a petition for a writ of mandamus must be filed within 30 days after the time for reconsideration within the administrative agency has elapsed; that the time for reconsideration is 30 days after the original decision is mailed; that plaintiff had 60 days from and after February 26, 1957, within which to file the instant proceedings. . . ."

Applying such methods of computation to the instant case, if petitioner cannot be affected by his failure to seek reconsideration (§ 11523), since he received the decision of the registrar on May 6, 1963, he had until July 5, 1963, within which to file his petition for writ of mandate, and according him the time that could have been ordered or resulting from a stay, until July 14, 1963. Accordingly, his filing, on July 2, 1963, was timely.

While we believe the wording "the right to petition shall not be affected by the failure to seek reconsideration before the agency" was intended to mean that such failure was not prejudicial as a failure to exhaust all administrative remedies prior to seeking a review or writ of mandate, it is also susceptible of the interpretations here given. In view of the salutary purpose, hearing on the merits, served by such latter interpretations and the disjunctive wording of the pertinent provisions, such interpretations, favoring petitioner, cannot be held unreasonable. Accordingly, we deem the more favored principle of preferring trial on the merits should determine the present issue.

The judgment denying writ of mandate and discharging the alternative writ is reversed and the cause remanded for trial on the issues presented by the petition other than the issue of limitation of time for filing the petition.

Jefferson, J., and Kingsley, J., concurred.

A petition for a rehearing was denied September 22, 1964, and respondents' petition for a hearing by the Supreme Court was denied October 28, 1964. Mosk, J., did not participate therein.