[Civ. No. 23634. First Dist., Div. One. Sept. 15, 1967.]

JAMES O. REIMEL, as Director, etc., Plaintiff and Appellant, v. ALCOHOLIC BEVERAGE CONTROL APPEALS BOARD et al., Defendants and Respondents.

Thomas C. Lynch, Attorney General, and Wiley W. Manuel, Deputy Attorney General, for Plaintiff and Appellant.

Leo K. Gallant for Defendants and Respondents.

ELKINGTON, J.—This case concerns the time within which an appeal may be taken to the Alcoholic Beverage Control Appeals Board (herein called Appeals Board) under Business and Professions Code section 23081 (herein called section 23081).

On April 29, 1965, the Department of Alcoholic Beverage Control (herein called Department) made and mailed a decision imposing discipline on respondent licensees Norman E. Merboth and Robert Delguidice. No stay order or reconsideration was ordered by the Department. Forty-six days later on June 14, 1965, a notice of appeal from the decision was filed with the Appeals Board by the respondent licensees. The Department moved the Appeals Board to dismiss the appeal on the grounds of its late filing. The motion was denied. The Department then filed in the superior court its "Petition for Writ of Prohibition and/or Writ of Mandate" seeking to compel the Appeals Board to dismiss the appeal. The relief there sought was denied. The appeal before us is taken from the order of the superior court denying the Department's petition.

In 1945 the Legislature enacted Government Code sections 11521 and 11523 (herein called sections 11521 and 11523). These sections apply to state administrative procedure generally. Section 11523 as pertinent here provides: "Judicial review may be had by filing a petition for a writ of mandate in accordance with the provisions of the Code of Civil Procedure, . . . Except as otherwise provided in this section any such petition shall be filed within 30 days after the last day on which reconsideration can be ordered. The right to petition shall not be affected by the failure to seek reconsideration before the agency. . . ." Section 11521, as pertinent here provides: "The agency itself may order a reconsideration of all or part of the case on its own motion or on petition of any party. The power to order a reconsideration shall expire 30

days after the delivery or mailing of a decision to respondent, or on the date set by the agency itself as the effective date of the decision if such date occurs prior to the expiration of the 30-day period or at the termination of a stay or not to exceed 30 days which the agency may grant for the purpose of filing an application for reconsideration. . . .''

Section 23081 relates only to proceedings under the Alcoholic Beverage Control Act (herein called the Act). (Bus. & Prof. Code, §§ 23000-25762.) Prior to 1959 section 23081 provided in part: ''Within 40 days after the decision of the [D]epartment is delivered or mailed to the parties, any party aggrieved by a final decision of the [D]epartment may file an appeal with the [A]ppeals [B]oard from such decision.''

In 1959 section 23081 was amended so as to make the procedure for obtaining administrative review of the Department's decisions more nearly consistent with that before other state agencies. Following rather closely the language of section 11523, it then, and has since, in its pertinent parts, read as follows: ''On or before the tenth day after the last day on which reconsideration of a final decision of the [D]epartment can be ordered, any party aggrieved by a final decision of the [D]epartment may file an appeal with the [Appeals] [B]oard from such decision. . . . The right to appeal shall not be affected by failure to seek reconsideration before the [D]epartment.''

The provisions of section 11521 relating to reconsideration apply to section 23081. (*Harris* v. *Alcoholic Beverage etc. Appeals Board*, 223 Cal.App.2d 563, 566-568 [35 Cal.Rptr. 865].)

It will be noted that the time provisions for seeking mandate under the Government Code and for taking an administrative appeal under the Act are now essentially the same. Each carries the provision ''The right to [petition or appeal] shall not be affected by failure to seek reconsideration before the [agency or Department].'' The difference is that 30 days after the last day on which reconsideration of a final decision can be ordered is allowed to petition for mandate under Government Code section 11523, while only 10 days after that day is allowed for notice of appeal under the Act, section 23081.

In their respective determinations that respondent licensees' appeal was timely the Appeals Board and the superior court announced a reliance on *Walters* v. *Contractors' State*

*License Board* (1964) 229 Cal.App.2d 449 [40 Cal.Rptr. 390]. We are urged by respondents to affirm the judgment of the superior court on the basis of the same authority.

In *Walters* the appellant after a hearing was denied a contractor's license by the Contractors' State License Board. The decision was mailed May 6, 1963. By its terms it was effective May 14, 1963. A petition for writ of mandate was filed on July 6, 1963. The license board contended that the last day on which it had power to order a reconsideration of its decision was, under section 11521, "the date set by the agency itself as the effective date . . . ," May 14, 1963. Therefore it was urged, as provided by section 11523, the petition for mandate to be effective must have been filed within 30 days thereafter, which was June 13, 1963.

The court in *Walters* took notice of the language of section 11521 which allows reconsideration prior to "the termination of a stay of not to exceed 30 days which the agency may grant for the purpose of filing an application for reconsideration." Reading this language with that of section 11523, "The right to petition [for mandate] shall not be affected by the failure to seek reconsideration," it was concluded that the time within which to petition for mandate was the same as though the agency had in fact granted a 30-day stay.

Thus the holding of *Walters* would ordinarily extend the time to petition for mandate to 90 days after mailing or delivery of decision.[1] If it is to be followed in administrative appeals taken under section 23081—where the appeal must be taken on or before the *tenth day* after the last day on which reconsideration can be ordered—the total period would ordinarily be 70 days, and the appeal of respondent licensees herein was timely.

The court in *Walters* relied heavily on the words of section 11523: "The right to petition shall not be affected by the failure to seek reconsideration before the agency." We believe this language relates to the concept of exhaustion of administrative remedies before petition for writ and only to that concept.[2] But for that language the failure to seek such

---

[1] In *Walters* the period would appear to be 68 days because as stated, the Contractors' State License Board fixed the effective date at eight days after the mailing of the decision rather than have it become effective by operation of section 11521 after 30 days.

[2] The Tenth Biennial Report, Judicial Council of California, December 31, 1944, explaining the then proposed section 11523 (which was adopted in 1945) stated at page 28: ". . . The statute provides, . . . that the

reconsideration would result in a denial of the right of judicial review. (See *Alexander* v. *State Personnel Board,* 22 Cal. 2d 198, 199-200 [137 P.2d 433] ; *Anderson* v. *Department of Alcoholic Beverage Control,* 159 Cal.App.2d 413, 415 [324 P.2d 24] ; 2 Cal.Jur.2d, Administrative Law, § 187, pp. 310-311.)

The *Walters* court cited no authority in support of its theory that because the Contractors' License Board *could* have granted an additional 30 days in which to apply for reconsideration, in determining the time within which application for a writ must be filed it should be deemed that the board had done so.

Other appellate courts, before and after *Walters,* considering the same subject matter have come to a different conclusion. In *Harris* v. *Alcoholic Beverage etc. Appeals Board, supra,* 223 Cal.App.2d 563, 569-570, the court held squarely that under section 23081, a notice of appeal filed 41 days after the mailing of decision was untimely. Considering the statutes concerned in *Walters* (sections 11521, 11523) the court in *Parker* v. *Board of Trustees,* 242 Cal.App.2d 614, 616-617 [51 Cal.Rptr. 653], held the last day for filing application for mandate to be 60 days after delivery or mailing of the decision.

In *Eichman* v. *Escondido etc. School Dist.,* 61 Cal.2d 100 [37 Cal.Rptr. 199, 389 P.2d 727], which also concerns the Government Code sections of *Walters* the school board on August 7 rendered, and on August 8, served, a decision which provided it was " 'effective immediately upon service.' " A petition for mandate was filed 58 days later on October 5. The court held the filing of the petition to be untimely. Under the *Walters* rationale, since the school board could have granted a 30-day stay for reconsideration between the rendering and service of the decision, the time for filing application for a writ would be extended 30 days for a total time of 60 days.

*Crow* v. *City of Lynwood,* 169 Cal.App.2d 461 [337 P.2d 919], concerned the dismissal of a policeman under the Government Code procedure. The decision was mailed February 25, 1957, and was received by him the next day. He petitioned for mandate on April 30—62 days after mailing of

right to judicial review is not lost by a failure to petition for reconsideration. The Council decided that the established policy requiring exhaustion of administrative remedies is adequately safeguarded by the requirement that the administrative proceeding must be completed before the right to judicial review exists."

the decision. It was held that the provisions of section 11523 are mandatory and that they provide 60 days within which to apply for mandate. The judgment of the lower court which determined that the policeman had delayed the filing of his petition for mandate beyond the 60-day statutory period was affirmed. Under the theory of *Walters* the policeman would have had 90 days within which to file his petition.

Section 11523 was adopted in 1945 on the recommendation of the Judicial Council. (See fn. 2, *ante.*) The report of that body explained the effect of the section by stating, "Review . . . is to be had by writ of mandate and *the petition is required to be filed within 30 days after the agency's power to reconsider its decision expires.*" (Italics added.) (See Tenth Biennial Report, Judicial Council of California (Dec. 31, 1944), p. 28.)

The Judicial Council is a constitutionally created body, required among other things to report to the "Legislature at the commencement of each regular session with such recommendations as it may deem proper." (Cal. Const., art. VI, § 1a; repealed 1966, now art. VI, § 6, with substantially similar language.) The interpretation given by the Judicial Council to its proposed legislation is entitled to the greatest respect.

Similarly, the 1959 Report of the Senate Interim Committee on Alcoholic Beverage Industry recommended to the Legislature the amendment of section 23081 to its present form. Included in the committee's statement of reasons for the proposed amendment (as shown by the report) was the following: "To make practice before the department consistent with that before other agencies, the provisions of Section 11523 tying the period of time in which to seek judicial review into the period of time in which reconsideration can be ordered are incorporated into Section 23081. *The period of 10 days indicated in the . . . amendment will result in no extension of the appeal period unless the department itself decides that the period in which reconsideration can be ordered should be extended.* There is no shortening of the present 40-day appeal period." (Italics added.)

Statements in a report of a legislative committee concerning the object and purposes of a proposed amendment which are in accord with a reasonable interpretation of the amendment should be followed. (*Southern Pac. Co.* v. *Indus-*

*trial Acc. Com.*, 19 Cal.2d 271, 278 [120 P.2d 880]; see also *Hohreiter* v. *Garrison*, 81 Cal.App.2d 384, 395-399 [184 P.2d 323]; 45 Cal.Jur.2d, Statutes, § 168, p. 670.)

The Judicial Council and the Senate Interim Committee in their respective reports did not construe the words ''The right to [petition or appeal] shall not be affected by failure to seek reconsideration before the department'' as in any way affecting the petition or appeal. Quite to the contrary, the language of the reports which we have italicized indicates a clear intent that the time shall normally be 60 days and 40 days, respectively, after delivery or mailing of a decision unless the agency or Department decides that the period in which reconsideration can be ordered should be extended.

██ █ Finally, this court takes judicial notice of a decision of the Appeals Board dated July 25, 1966, on the appeal of Martin, numbered AB 2555.[3] There the Department's decision was served on Martin on December 9, 1965. A petition for reconsideration was denied and an appeal was filed February 14, 1966. The Appeals Board held the appeal to be late, the last day therefor being January 18, 1966. The appeal was dismissed. This decision of the Appeals Board is contrary to its position on the appeal before us. It disregards the holding of *Walters* and is in agreement with the contention here urged by the Department. This more recent interpretation by the Appeals Board of the statutes with which we are here concerned may be considered by us. (*Anderson* v. *Department of Alcoholic Beverage Control, supra,* 159 Cal. App.2d 413, 416;[4] see also *Nelson* v. *Dean,* 27 Cal.2d 873, 880-881 [168 P.2d 16, 168 A.L.R. 467].)

██ We conclude that *where the Department does not in fact grant a stay* for the purpose of filing an application for reconsideration (as permitted by section 11521) a notice of appeal under section 23081 must be filed on or before the tenth day following the thirtieth day after the delivery or mailing of the decision, or on or before the tenth day following the date set by the Department itself as the effective date of the decision if such date occurs prior to the expiration of the 30-day period. Under this construction, the administrative

---

[3] Judicial notice may be taken of the official acts of the executive department of this state. (See § 1875, subd. 3, Code Civ. Proc., repealed effective January 1, 1967; § 452, subd. (c), Evid. Code, effective January 1, 1967.)

[4] Overruled on unrelated point (*Pesce* v. *Department of Alcoholic Beverage Control,* 51 Cal.2d 310, 313 [333 P.2d 15]).

appeal which is the subject of the appeal before us was not timely.

This construction is consonant with the recognized policy of expeditious determination of administrative proceedings. (See *Heidkamp* v. *Department of Alcoholic Beverage Control,* 212 Cal.App.2d 516, 519 [28 Cal.Rptr. 144].)

The judgment of the superior court is reversed. The cause is remanded for further proceedings consistent with this opinion.

Molinari, P. J., and Sims, J., concurred.

The petition of respondent Appeals Board for a hearing by the Supreme Court was denied November 8, 1967. Peters, J., was of the opinion that the petition should be granted.