[Civ. No. 31775.   Second Dist., Div. Four.   July 19, 1968.]

JAMES O. REIMEL, as Director, etc., Plaintiff and Appellant, v. LEVERETTE D. HOUSE, as Chairman, etc., et al., Defendants and Respondents.

Thomas C. Lynch, Attorney General, and Stephen H. Silver, Deputy Attorney General, for Plaintiff and Appellant.

Leo K. Gallant for Defendants and Respondents.

FILES, P. J.—This proceeding in mandamus was brought by plaintiff, as director of the Department of Alcoholic Beverage Control, to compel the defendants, as members of the Alcoholic Beverage Control Appeals Board, to dismiss an appeal. The superior court entered its judgment denying the writ. Plaintiff is appealing from that judgment.

The facts are not in controversy.

Prior to August 1966, the Department of Alcoholic Beverage Control undertook disciplinary proceedings against a

licensee, Enrique C. Martinez. After a hearing, on August 4, 1966, the department made an order suspending Martinez' license for 45 days. The decision and order were mailed to him on that day. They contained no effective date. During the 30 days immediately following August 4 no application was made to the department for a stay of the effective date, nor did the department order a stay.

On September 19, 1966, Martinez filed an appeal with defendant, the Alcoholic Beverage Control Appeals Board. Thereafter the department moved to dismiss that appeal upon the ground that it was filed too late. The board denied the motion to dismiss. Then plaintiff, on behalf of the department, petitioned the superior court to compel the appeals board to dismiss the appeal. The superior court held that the appeal was within the statutory time limit, and therefore denied the plaintiff's petition.

The time in which a party may file an appeal with the appeals board is governed by Business and Professions Code section 23081: "On or before the tenth day after the last day on which reconsideration of a final decision of the department can be ordered, any party aggrieved by a final decision of the department may file an appeal with the board from such decision. The appeal shall be in writing and shall state the grounds upon which a review is sought. A copy of the appeal shall be mailed by the appellant to each party who appeared in the proceeding before the department, including the department which shall thereafter be treated in all respects as a party to the appeal. The right to appeal shall not be affected by failure to seek reconsideration before the department."

The last day on which reconsideration of a final decision of an administrative agency may be ordered is determined by Government Code section 11521, subdivision (a): "(a) The agency itself may order a reconsideration of all or part of the case on its own motion or on petition of any party. The power to order a reconsideration shall expire 30 days after the delivery or mailing of a decision to respondent, or on the date set by the agency itself as the effective date of the decision if such date occurs prior to the expiration of the 30-day period or at the termination of a stay of not to exceed 30 days which the agency may grant for the purpose of filing an application for reconsideration. If no action is taken on a petition within the time allowed for ordering reconsideration the petition shall be deemed denied."

Subsequent to the trial of this proceeding in the superior court the precise issue here presented was decided by Division One of the First Appellate District in *Reimel* v. *Alcoholic Beverage etc. Appeals Board,* 254 Cal.App.2d 340 [62 Cal. Rptr. 54]. That court held that, in circumstances indistinguishable from the record here, "a notice of appeal under section 23081 must be filed on or before the tenth day following the thirtieth day after the delivery or mailing of the decision, . . ." (254 Cal.App.2d at p. 346.) Under this interpretation the notice of appeal in the case at bench was untimely, and plaintiff is entitled to a writ commanding the defendant appeals board to dismiss the appeal.

Defendants' counsel asks this court to repudiate that decision and follow *Walters* v. *Contractors' State License Board,* 229 Cal.App.2d 449 [40 Cal.Rptr. 390]. The *Walters* case dealt with the time limit for filing a petition for writ of mandate to review a decision of an administrative agency. The commencement of that time period is also governed by Government Code section 11521, subdivision (a). In the *Walters* case the court held that even if no stay is requested or granted, the time for seeking judicial review does not start to run until the 61st day after the mailing of the decision of the administrative agency. The opinion of the court in the *Reimel* case, *supra,* discusses the *Walters* decision, points out that it is out of harmony with other authority, and declines to follow it. The appeals board petitioned the Supreme Court for a hearing in the *Reimel* case, which petition was denied November 8, 1967.

Although the denial of a hearing by the Supreme Court does not necessarily indicate approval of the opinion of the Court of Appeal (see *DiGenova* v. *State Board of Education* (1962) 57 Cal.2d 167, 178 [18 Cal.Rptr. 369, 367 P.2d 865] ; 3 Witkin, Cal. Procedure (1954) Appeals, § 222, p. 2437) the refusal of the Supreme Court to interfere in that case has unavoidable implications. It is of relatively little importance whether the time for appeal is 40 days or 70 days, but it is of the greatest moment that there be one authoritative interpretation. The denial of a hearing in *Reimel, supra,* can only be construed as an acknowledgment that *Walters* has been overruled.

The judgment is reversed with directions to issue a peremptory writ of mandate as prayed.

Jefferson, J., and Kingsley, J., concurred.