In re Varish H. ANTABLIAN & Janet Antablian, Debtors.

Varish H. ANTABLIAN & Janet Antablian, Plaintiffs,

v.

The STATE BOARD OF EQUALIZA-TION OF The STATE OF CALI-FORNIA, Defendant.

Bankruptcy No. SA 88–05350JB.
Adv. No. SA 89–0536JB.

United States Bankruptcy Court, C.D. California.

May 27, 1992.

Donald Segretti, Newport Beach, Cal., for plaintiffs.

Herbert A. Levin, Deputy Atty. Gen., Los Angeles, Cal., for defendants.

## MEMORANDUM OF DECISION

JAMES N. BARR, Bankruptcy Judge.

### THE SETTING

From 1980 through 1986, the Debtor, Varish Antablian, owned and operated a Shell service station in Orange County, California. On July 25, 1986, Defendant, State Board of Equalization for the State of California (the "Board")[1], issued a Notice of Determination of Sales and Use Tax ("Tax Notice"), asserting the Debtor owed $4,982.10, plus penalties and interest for the period of July 31, 1983 to March 31, 1986. The Debtor did not request redetermination of that liability, and the July 25, 1986 determination became final thirty days later in accord with Cal.Rev. & Tax. Code § 6561.[2] That tax was paid in full by the Debtor.

On May 8, 1987, over eight months after the finality of the first determination, the Board issued to the Debtor another Tax Notice for the period January 1, 1980 to June 30, 1986 (i.e., for a period of time which encompassed the period covered by the 1986 Tax Notice), seeking additional sales/use taxes of $1,056,847.86 plus penalties and interest thereon.

Debtor petitioned the Board for redetermination of the latter tax liability. In re-sponse thereto, the Board deleted tax liabilities for the period of January 1, 1980 through March 31, 1982, and on June 2, 1989, the Board issued a third Tax Notice to the Debtor for the period of April 1, 1982 to June 30, 1986, in the amount of $790,503.47. By that time, the Debtor had commenced this bankruptcy case and he initiated this adversary proceeding seeking a judgment that the 1987 tax determination was invalid.

### JURISDICTION

I have jurisdiction in this proceeding pursuant to 11 U.S.C. § 1334(a) (the district courts shall have original and exclusive jurisdiction of all cases under Title 11), 28 U.S.C. § 157(a) (authorizing the district courts to refer all Title 11 cases and proceedings to the bankruptcy judges for the district), and General Order No. 266 of the District Court for the Central District of California, dated October 9, 1984 (referring all Title 11 cases and proceedings to the bankruptcy judges for this district). This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(B).

### STIPULATIONS

The parties stipulated to trial of this matter on a single issue, i.e., whether the finality of the first tax determination (i.e., July 25, 1986), for the period July 31, 1983 to March 31, 1986, bars (i.e., obviates) further liability to the Board for that period.

The parties have made it clear that I am not being asked to determine the amount of the Debtor's tax liability to the Board, only whether or not the Board is barred from asserting a claim against the Debtor for taxes due on sales by the Debtor from July 31, 1983 through March 31, 1986. If I determine that question in favor of the Board, the parties will stipulate to a judgment as to the amount of such claim.

---

1. The State Board of Equalization is the California agency empowered to assess and collect sales and use taxes for the state.

2. Throughout this opinion, all references to statutory provisions or sections refer the reader to the California Revenue and Taxation Code.

With regard to the issue which is presented by the parties, they have also stipulated to the following:

1. Exhibit 1 [the July 25, 1986 Tax Notice], Exhibit 2(A) [the June 2, 1989 Tax Notice] and Exhibit 2(B) [the May 8, 1987 Tax Notice] are the relevant notices of tax liability given the Debtor by the Board and the same were admitted into evidence by stipulation;

2. The tax determination set forth in Exhibit 1 became final 30 days after July 25, 1986; and

3. Exhibit 2(B) is a Tax Notice for taxes claimed due for a period of time which includes the period encompassed by Exhibit 1 and Exhibit 2(A).

## THE UNPUBLISHED DECISION

The Board would have me accept the recent, but unpublished, decision of the Court of Appeals of the State of California, Second Appellate District, in the case of *Montgomery Elevator Company v. State Board of Equalization*, 2d Civ. Nos. B038239 and B038278, filed October 31, 1990, as dispositive of the issue in this case. The Debtor objects to my consideration of that opinion because it is not a published opinion of that court.

---

**3.** See *Eilrich v. Remas,* 839 F.2d 630 (9th Cir. 1988), wherein the court cited *University of Tennessee v. Elliott,* 478 U.S. 788, 106 S.Ct. 3220, 3224, 92 L.Ed.2d 635 (1986), for the proposition that "state administrative proceedings must be given the same preclusive effect they would be given in that state....;" and *Bowen v. United States,* 570 F.2d 1311 (7th Cir.1978), wherein the court reaffirmed the rule that when applying state law to the resolution of a case in a Federal court, the latter must determine what rule that state's supreme court would adopt in such a case, and apply it as they would *citing West v. A.T. & T.,* 311 U.S. 223, 61 S.Ct. 179, 85 L.Ed. 139 (1940).

**4.** 9th Cir.R. 36–3 provides:

Any disposition that is not an opinion or an order designated for publication under Circuit Rule 36–5 shall not be regarded as precedent and shall not be cited to or by this Court or any district court of the Ninth Circuit, either in briefs, oral argument, opinions, memoranda, or orders, except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.

**5.** Rule 977 of the California Rules of Court provides, in pertinent part:

I am called upon here to determine how a California state court would rule on the issues before me.[3] Within that frame of reference, I must determine, as a threshold matter, whether a California court would consider the unpublished opinion which the Board urges upon me, as case law authority.

■ The Debtor would have me apply 9th Cir.R. 36–3 to obviate consideration of that decision. However, that rule applies only to establish that decisions of the Ninth Circuit which are not properly designated for publication may not be regarded as precedent and may not be cited to courts of this circuit.[4] It has no application to consideration of an unpublished opinion of any other court. In addition, application of 9th Cir.R. 36–3 is inappropriate, for there is a California rule on point, (i.e., Rule 977, California Rules of Court) which California courts would apply to resolve this issue.

■ Rule 977 of the California Rules of Court is nearly identical to 9th Cir.R. 36–3.[5] Under Rule 977, California appellate courts are precluded from considering their own unpublished opinions except in limited circumstances which do not apply here.[6] The

(a) An opinion that is not ordered published shall not be cited or relied on by a court or a party in any other action or proceeding except as provided in subdivision (b).

(b) Such an opinion may be cited or relied on:

(1) when the opinion is relevant under the doctrines of law of the case, res judicata, or collateral estoppel; or

(2) when the opinion is relevant to a criminal or disciplinary action or proceeding because it states reasons for a decision affecting the same defendant or respondent in another such action or proceeding.

**6.** Although California Rule 977(b)(1) carves out an exception to its preclusive effect, in instances when the unpublished opinion is "relevant under the doctrines of ... res judicata or collateral estoppel," it means that such opinions may be cited to establish that a given cause of action or specific issues had been litigated in the proceeding from which the unpublished opinion arose. *See People v. Manson,* 61 Cal.App.3d 102, 165, 132 Cal.Rptr. 265 (1976). Neither reason nor imagination would lead one to conclude that the rule permits consideration of unpublished opinions of California appellate courts which merely

words of Rule 977 are not ambiguous, and the few California courts which have considered its application are consistent in interpreting the rule to preclude consideration of unpublished opinions of their own appellate courts.[7] Based on those authorities, I have concluded that a California court would not consider the unpublished opinion in the *Montgomery Elevator* case in resolving the issues before me.

Having drawn that conclusion, it is not reasonable to consider the conclusions or reasoning of the court in that case as an indication of how a California appellate court would rule on the issues before me.[8]

Therefore, I am left to consider, as a matter of first impression, apparently, the question of whether a final tax liability determination by the Board is res judicata as to a later redetermination of liability for taxes claimed due for the same period of time.[9] More specifically, is the Board precluded from increasing a taxpayer's liability to the state for any given taxable period as to which a prior tax determination became final? Neither party has referred me

define or apply the doctrines of res judicata or collateral estoppel.

**7.** *See Casella v. City of Morgan Hill*, 230 Cal. App.3d 43, 280 Cal.Rptr. 876 (1991); *Barber v. Superior Court*, 234 Cal.App.3d 1076, 285 Cal. Rptr. 668 (1991); and *In re Marriage of Lorenz*, 146 Cal.App.3d 464, 194 Cal.Rptr. 237 (1983).

**8.** I have come to this conclusion notwithstanding the pronouncement by the Sixth Circuit Court of Appeals in the case of *Puckett v. Tennessee Eastman Co.*, 889 F.2d 1481, 1485 (6th Cir.1989), cited by the Board, to the effect that a federal court may not disregard an unpublished opinion of a state appellate court when attempting to determine how courts of that state would rule on a matter. Because I have found that California courts adhere strictly to the dictates of Rule 977, it would be improper for me to accept the *Puckett* generalization and override such a strong expression of state court policy.

**9.** Throughout this opinion, I will use the term "res judicata" to refer to the doctrines of res judicata and collateral estoppel collectively. The California Supreme Court has noted that "[t]he doctrine of collateral estoppel is one aspect of the concept of res judicata." *Lucido v. Superior Court*, 51 Cal.3d 335, 795 P.2d 1223, 272 Cal.Rptr. 767 (1990). The distinction between the two terms is not important to the outcome of this adversary proceeding.

to pertinent case law on that point, and I could find none.[10] However, as I will discuss later, I am not without judicial guidance in dealing with that question.

Initially, though, I am drawn to the provisions of §§ 6481, 6563 and 7176 [11] around which the submitted issue revolves. The Debtor would have me interpret §§ 6563 and 7176 to preclude redetermination of a taxpayer's sales or use tax liability for any given quarter as to which a prior determination became final notwithstanding the provisions of § 6481. The Board simply refers me to the *Montgomery Elevator* opinion, which does analyze and harmonize those sections in a manner contrary to the Debtor's interpretation. Given my interpretation of California law as to consideration of unpublished opinions, I have considered the *Montgomery Elevator* opinion only as an expression of the Board's position.

## STATUTORY CONSTRUCTION

Not surprisingly, California courts have found it "axiomatic that all

**10.** As noted, I do not consider the *Montgomery Elevator* opinion pertinent to my decision here, for the reasons stated above.

**11.** Section 6481 provides, in pertinent part:

If the board is not satisfied with the return or returns of the tax or the amount of tax, or other amount, required to be paid to the state by any person, it may compute and determine the amount required to be paid upon the basis of the facts contained in the return or returns or upon the basis of any information within its possession or that may come into its possession. *One or more deficiency determinations may be made of the amount due for one or for more than one period.* (Emphasis added.)

Section 6563(a) provides, in pertinent part:

The board may decrease or increase the amount of the determination before it becomes final, but the amount may be increased only if a claim for the increase is asserted by the board at or before the hearing.

Section 7176 provides:

In the determination of any case arising under this part the rule of res judicata is applicable only if the liability involved is for the same quarterly period as was involved in another case previously determined.

provisions of a particular statute must be construed as a whole so that all component parts will have purpose and effect." *Eisenberg v. Myers,* 148 Cal.App.3d 814, 824, 196 Cal.Rptr. 270 (1983). *See also People v. Comingore,* 20 Cal.3d 142, 147, 570 P.2d 723, 141 Cal.Rptr. 542 (1977), wherein the court noted, "[a] statute should be interpreted with reference to the whole system of which it is a part," and *Moyer v. Workmen's Comp. Appeals Bd.,* 10 Cal.3d 222, 230, 514 P.2d 1224, 110 Cal.Rptr. 144 (1973), wherein the court noted, "the various parts of a statutory enactment must be harmonized by considering the particular clause or section in the context of the statutory framework as a whole." California courts also apply the corollary rule that seemingly conflicting provisions of the same statutory scheme will be harmonized whenever possible, to give effect to each. *See Fuentes v. Workers' Compensation Appeals Bd.,* 16 Cal.3d 1, 7, 547 P.2d 449, 128 Cal.Rptr. 673 (1976); and *California Mfrs. Assn. v. Public Utilities Commission,* 24 Cal.3d 836, 844, 598 P.2d 836, 157 Cal.Rptr. 676 (1979). In addition, statutory language is to be given its usual, ordinary meaning by the courts of this state and, wherever possible, significance must be given to every word and phrase. *See Moyer v. Workmen's Comp. Bd.,* 10 Cal.3d 222, 230, 514 P.2d 1224, 110 Cal.Rptr. 144 (1973). It is with those principles in mind that I analyzed the various pertinent provisions of the California Revenue and Taxation Code.

Section 6563(a) was apparently designed to ensure that hearings before the Board as to the determination of tax liability for any given taxable period, will deal with both the taxpayer's contentions that a given tax determination should be less, and the Board's contentions, if any, that the tax for that same period should be increased. In other words, I find the first sentence of § 6563 to be a mandate for efficiency and finality in the redetermination hearing process.

The Debtor contends that § 6563 should be read to preclude further determinations of sales and use tax liability for any given tax period, once a tax determination for that period has become "final." That reading of § 6563 leads to the conclusion that the provision within § 6481 which permits multiple determinations is meaningless and mere surplusage.

Sections 6563(a) and 6481 are within different articles of the same chapter of the California Revenue and Taxation Code. Section 6563(a) is found within Article 5, which is a part of Chapter 5, Division 2, Part 1, of the California Revenue and Taxation Code. Chapter 5 is entitled "Determinations." Article 5, within that chapter, deals exclusively with the subject of "Redetermination" of Sales and Use Taxes. Section 6481 is also found within Chapter 5, Division 2, Part 1 but it is within Article 2, entitled "Deficiency Determinations." There is no reference to a taxpayer's right to a hearing with regard to the determination of sales and use tax liability within § 6481 or within any other section of Article 2.

On the other hand, § 6563 and Article 5 deal almost exclusively with the taxpayer's right to seek redetermination of a liability previously determined by the Board, and the taxpayer's rights to a hearing thereon if requested. Section 6481 provides, *inter alia,* that "[o]ne or more deficiency determinations may be made of the amount due for one or for more than one period." Section 6563(a), which obviates an increase of a taxpayer's liability previously determined unless "a claim for the increase is asserted by the board at or before the hearing," is not inconsistent with or contradictory to § 6481 if the prohibition against increasing the amount of a determination by the Board is read to apply only to situations in which hearings are set by the Board upon the taxpayer's request for redetermination.

Guided by reason and the aforesaid rules of statutory construction, I am drawn to that interpretation, i.e., that § 6563 has application only when a taxpayer requests a hearing on a determination by the Board, before that determination becomes final. It has no application when an initial determination has become final without a re-

quest for redetermination or hearing.[12]

Given that interpretation, § 6563 has no application here. The initial tax determination was not the product of a hearing, because the Debtor sought no redetermination thereof. Thus, § 6563 does not invalidate the Board's 1987 redetermination of the Debtor's tax liability for the subject period.

## RES JUDICATA

■ However, the Debtor also argues that § 7176 must be applied to preclude the redetermination of taxes in 1989. Section 7176 codifies what could be termed "administrative res judicata" with regard to determinations of sales and use tax liabilities; in that it provides: "[i]n the determination of any case arising under this part the rule of res judicata is applicable only if the liability involved is for the same quarterly period as was involved in another case previously determined." Cal.Rev. & Tax.Code § 7176 (West 1987).

The doctrine of res judicata generally precludes parties from relitigating claims or causes of action that were previously finally determined by a court of competent jurisdiction. In the often cited case of *Bernhard v. Bank of America Nat. Trust & Sav. Assoc.*, 19 Cal.2d 807, 810, 122 P.2d 892 (1942), the California Supreme Court noted that "[t]he doctrine of res judicata precludes parties or their privies from relitigating a cause of action that has been finally determined by a court of competent jurisdiction. Any issue necessarily decided in such litigation is conclusively determined as to the parties or their privies if it is involved in a subsequent lawsuit on a different cause of action."

California courts have also applied a somewhat more flexible version of that rule to issues determined by administrative agencies and boards. *See* the discussion and cases cited in *George Arakelian Farms, Inc. v. Agricultural Labor Relations Board*, 49 Cal.3d 1279, 1290, 783 P.2d 749, 265 Cal.Rptr. 162 (1989). I could find no cases interpreting § 7176; but California case law is instructive on the subject of the application of the doctrine of res judicata to decisions made in administrative proceedings.

In the case of *Pacific Coast Medical Enterprises v. Department of Benefit Payments*, 140 Cal.App.3d 197, 214, 189 Cal.Rptr. 558 (1983), the appellate court cited *Hollywood Circle, Inc. v. Dept. of Alcoholic Beverage Control*, 55 Cal.2d 728, 732–733, 361 P.2d 712, 13 Cal.Rptr. 104 (1961), as support for the conclusion that "[i]t is now generally recognized that res judicata applies in administrative proceedings to decisions of an administrative agency made pursuant to its judicial function."

In the *Hollywood Circle* case, the California Supreme Court addressed a petition for writ of mandamus to compel the Alcoholic Beverage Control Appeals Board to reinstate an appeal of the revocation of its liquor license by the Department of Alcoholic Beverage Control; which appeal had been dismissed earlier because it was not timely filed.

In ruling that the board's order dismissing the appeal was res judicata, the California Supreme Court noted that, "[t]his policy [of preventing a party who had one fair trial on an issue from again drawing it into controversy] can be as important to orderly administrative procedure as to orderly court procedure. Some administrative determinations, however, differ greatly from court decisions and greater flexibility is required in applying the doctrine of RES JUDICATA to them." (citations omitted) *Hollywood Circle*, 55 Cal.2d at 732, 13 Cal.Rptr. 104, 361 P.2d 712. The court then quoted with approval from 2 Davis, Administrative Law, 568: "[t]he key to a

---

**12.** Section 6561 provides taxpayers the right to petition for redetermination of *any* tax determination made by the Board under § 6481. Therefore, it appears that hearings could be held on each successive determination made by the Board as to any given tax period. Although I am not faced with that question here, that reading of § 6561 adds support for my conclusion that the procedure and limitations imposed on the *redetermination* process, should have no effect on the number of times the Board may make "deficiency determinations" as to a given tax period.

sound solution of problems of RES JUDI-CATA in administrative law is recognition that the traditional principal of RES JUDI-CATA as developed in the judicial system should be fully applicable to some administrative action, that the principle should not be applicable to other administrative action, and that much administrative action should be subject to a qualified or relaxed set of rules concerning RES JUDICATA," *Id.*

Citing *Olive Proration Program Committee, etc. v. Agricultural Prorate Comm.,* 17 Cal.2d 204, 208, 109 P.2d 918 (1941), the court went on to note that "[t]he doctrine is not applied when the decision of an agency is made pursuant to its rule-making powers, or when ... the legislature intended that the agency should exercise a continuing jurisdiction with power to modify or alter its orders to conform to changing conditions ..." *Id.*

In the present case, the first determination of the Debtor's tax liability was made by the Board on July 25, 1986. No redetermination of that decision was requested by the Debtor and it became final 30 days thereafter, in accord with § 6561. Because no redetermination was requested, the Board held no hearing on the determination of the Debtor's taxes for the period July 31, 1983 to March 31, 1986.[13] The Debtor merely accepted the initial determination and paid in full the amount so determined.

In this case, it could not be said that the Board was acting in its rule-making function when it rendered its tax determination on July 25, 1986; for it was clearly making a determination of specific facts affecting the rights of the Debtor (i.e., a function and result similar to the adjudication of rights in a court of law). However, California case law does not impose res judicata on all decisions of administrative agencies derived from the exercise of the agen-cy's power to determine a specific party's rights and liabilities.

In nearly all California cases wherein the principles of res judicata were applied to decisions of administrative agencies, evidentiary hearings had been held by the agencies, and the parties were provided a reasonable opportunity to appear and present evidence much like at trial before a court. [See cases cited in *People v. Sims,* 32 Cal.3d 468, 651 P.2d 321, 186 Cal.Rptr. 77, (1982).]

I note that in the *Hollywood Circle* decision, the California Supreme Court applied res judicata principles to effectively deny a party the right to a hearing before the Alcoholic Beverage Control Appeals Board (the "Appeals Board").[14] In that case, the court denied a second petition for writ of mandamus, which would have compelled the Appeals Board to reinstate its earlier dismissal of an appeal from the decision of the Department of Alcoholic Beverage Control to revoke the appellant's liquor license, saying: "[t]he judgment denying the [first petition for] writ [of mandamus] was affirmed on appeal and has now become final. Petitioner has had a full hearing on the merits of its case,[15] three hearings on the issue of the timeliness of the appeal, and two denials of petitions for hearings on that issue. It is settled that the doctrine of RES JUDICATA applies to judgments on the merits in proceedings in mandamus." *Id.* 55 Cal.2d at 733, 13 Cal.Rptr. 104, 361 P.2d 712.

I find the holding in the *Hollywood Circle* case to be anomalistic in that court's application of the doctrine of res judicata. But even there, it seems the court believed that the appellant had been afforded a fair opportunity to be heard on the issues pertinent to the petition before it. So, in that

---

**13.** Division 2, Part 1, of the California Revenue and Taxation Code, dealing with sales and use taxes, makes no provision for a hearing with regard to an initial determination of tax liability. A hearing is provided only upon a request for redetermination of a prior determination. (See Cal.Rev. & Tax.Code §§ 6561–6564.)

**14.** See dissent by Justice Schauer in that case in which he discusses this view of the effect of the

court's ruling. (55 Cal.2d at 733–736, 13 Cal. Rptr. 104, 361 P.2d 712).

**15.** I could not determine from the context of the opinion, to what the word "case" refers. However, I assume it refers to the issues raised in the petition for writ of mandamus; and not to the merits of appellant's "case" before the Department of Alcoholic Beverage Control.

regard, the holding in that case is consistent with other decisions by that court, and the appellate courts of the state, over the past fifty years or so.

Generally, California courts have been consistent in applying the guiding principles enunciated in the case of *People v. Sims*, 32 Cal.3d 468, 651 P.2d 321, 186 Cal.Rptr. 77 (1982). In that case, the court cited *United States v. Utah Construction Company*, 384 U.S. 394, 86 S.Ct. 1545, 16 L.Ed.2d 642 (1966), for the rule that "[c]ollateral estoppel may be applied to decisions made by an administrative agency when an administrative agency is *acting in a judicial capacity and resolves disputed issues of fact* properly before it which the parties have had an *adequate opportunity to litigate....*" (emphasis added). *Sims*, 32 Cal.3d at 479, 186 Cal.Rptr. 77, 651 P.2d 321.[16]

The *Sims* court analyzed each element of that rule in the context of the facts before it, and concluded that a final decision of an administrative law judge, following a noticed hearing at which the County of Sonoma could have presented evidence, but did not, precluded criminal prosecution based on the same facts which gave rise to the administrative hearing. The court, there, emphasized the similarity between the administrative hearing and judicial proceedings. "To ascertain whether an agency acted 'in a judicial capacity,' the federal courts have looked for factors indicating that the administrative proceedings and determination possessed a ' "judicial" character.' (citations omitted.)"[17] *Id.* The *Sims* court further noted that the administrative agency allowed either party to call, examine and cross-examine witnesses, as well as to introduce documentary evidence and

make oral or written argument; that relevant regulations required the administrative law judge to subpoena witnesses upon request and to keep a verbatim record of the hearing; and that although the administrative hearing was not conducted according to the rules of evidence applicable to judicial proceedings, "the pertinent inquiry is whether the different standard for admitting evidence at the ... hearing deprived the parties of *a fair adversary proceeding in which they could fully litigate the issue[s]....*" (emphasis added.) *Sims*, 32 Cal.3d at 481, 186 Cal.Rptr. 77, 651 P.2d 321.

The Ninth Circuit applied the *Sims* test in *Eilrich* to deny re-litigation of First Amendment issues which had been presented in an administrative hearing held at appellant's request and at which all parties availed themselves of the opportunity to fully litigate those issues. In the more recent case of *Lucido v. Superior Court*, 51 Cal.3d 335, 272 Cal.Rptr. 767, 795 P.2d 1223 (1990), the California Supreme Court reaffirmed the application of the precepts set forth in the *Sims* decision.

Given the weight of authority in California case law, I have concluded that the California courts would apply the principles of res judicata to administrative proceedings only if the party against which the principle would apply has had a full and fair opportunity to litigate the purportedly precluded issues at a prior hearing at which those issues were necessarily determined.

In this case, because the first determination of the Debtor's tax liability was not the result of a hearing or other similar proceeding at which the parties were afforded the opportunity to present evidence

---

**16.** The *Sims* court noted, by footnote, that the quoted language from the *Utah Construction Company* case was "technically dictum," however, it also noted that "the federal courts have consistently followed the rule set forth in that case. (Note, *The Collateral Estoppel Effect of Administrative Agency Actions in Federal Civil Litigation* (1977) 46 Geo.Wash.L.Rev. 65, 91, and cases cited therein.)" *Id.* at 479, n. 7, 186 Cal. Rptr. 77, 651 P.2d 321. The *Sims* court went on to say: "[t]his standard formulated by the Supreme Court is sound, and it comports with the public policy underlying the collateral estoppel

doctrine 'of limiting litigation by preventing a party who has had one fair trial on an issue from again drawing it into controversy. [Citations.]' " *Id.*

**17.** Ironically, or perhaps just curiously, I was compelled to determine the rule of law which the California courts would apply in this case, and discovered that the state courts rely heavily upon federal court guidelines in defining the rule in question.

on defined issues, the requisites for the application of issue preclusion to the later determination have not been satisfied. Therefore, the Board's determination of the Debtor's tax liability for the period July 31, 1983 to March 31, 1986, in its Tax Notice of July 25, 1986, is not res judicata as to the 1987 redetermination. The provisions of § 7176 do not change that result.

That code section provides for the application of the rule of res judicata to "case[s] [arising under Part 1 of the Revenue and Taxation Code (i.e., the sales and use tax provisions)] "if the liability involved is for the same quarterly period as was involved in another case previously determined." By its terms, that section *limits* the application of the principles of res judicata within the Board's process of making tax determinations; it does not establish those principles or embed them within that process.

Drawing, again, on California case law establishing the rules for application of res judicata to administrative proceedings, I find that § 7176 precludes redetermination of liability for any quarter's taxes which were previously determined after a hearing at which the parties had the opportunity to fully litigate the issues at stake in a later "case." [18] In other words, I find § 7176 to be consistent with, and to some extent a reiteration of, the general rule which guides California courts in the application of issue preclusion principles to administrative proceedings. The Debtor offers no authority to the contrary, reason compels no other conclusion, and I have no cause to believe that a California state court would rule otherwise. Therefore, § 7176 has no application here, for the Board's initial tax determination was made without an evidentiary hearing at which the requisites for application of that section were met.

## CONCLUSION

Because there was no hearing conducted in conjunction with the initial determination of the Debtor's tax liability for the period July 31, 1983 to March 31, 1986, and, similarly, because the requisites for the application of res judicata to that determination were not met, a second determination of liability by The Board for the same period is not precluded, notwithstanding the fact that the first determination became "final" before the second was made.

This memorandum constitutes my findings of fact and conclusions of law, and an order for entry of judgment will issue accordingly.

---

18. I could find no definition of the word "case" as it is used in § 7176. Neither party offered an interpretation of that term and given my interpretation of California case law on the application of the principles of res judicata to administrative proceedings, and my reading of § 7176, it is not important that I interpret that term in the context of this proceeding; for my conclusions would be the same regardless of whether that term refers to a "hearing" provided under § 6561, et seq., or whether it refers to any determination made by the Board under § 6481.