30 F.3d 139
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
In re Varish H. ANTABLIAN; Janet Antablian, Debtors,
Varish H. ANTABLIAN; Janet Antablian, Appellants,
v.
STATE BOARD OF EQUALIZATION, for the State of California, Appellee.
 No. 93-55124.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted June 9, 1994.
Decided July 1, 1994.
 
 Before: FARRIS, O'SCANNLAIN and TROTT, Circuit Judges.
 
 
 1
 The Antablians appeal the district court's ruling that the California State Board of Equalization's (the "Board") issuance of a tax determination does not bar the Board's issuance of a second tax determination covering the same period of time. We apply a de novo standard for reviewing the question of the availability of collateral estoppel. Clark v. Bear Stearns & Co., 966 F.2d 1318, 1320 (9th Cir.1992). A district court's interpretation of state law is reviewed under the same independent de novo standard as are questions of federal law.[1] Salve Regina College v. Russell, 499 U.S. 225, 231 (1991).
 
 
 2
 Section 6481 addresses deficiency determinations. It states: "One or more deficiency determinations may be made of the amount due for one or for more than one period...." Cal.Rev. & Tax.Code Sec. 6481 (West 1987). Clearly, the Board may issue more than one tax determination for any one period of time. However, this provision does not resolve the question whether a determination will eventually become final and bar subsequent determinations.
 
 
 3
 Appellants argue the California Revenue and Tax Code indicates that 30 days after a tax determination becomes final, it is res judicata and the Board cannot issue a second tax determination covering the same period of time. They arrive at this conclusion by relying on Secs. 6481, 6561 and 6563(a) of the Code. We do not accept appellants' construction of the Code. Appellants' understanding of "final" is incorrect. Section 6165 indicates that final means "due and payable." Such "final" determinations are still subject to Board review. See, e.g., Cal.Rev. & Tax.Code Sec. 6902(a) (West 1987 & Supp.1994).
 
 
 4
 California case law indicates that a tax deficiency determination does not have res judicata effect. The California courts recognize "that res judicata applies in administrative proceedings to decisions of an administrative agency made pursuant to its judicial function." Pacific Coast Medical Ents. v. Department of Benefit Payments, 140 Cal.App.3d 197, 214 (1983); see also People v. Sims, 32 Cal.3d 468, 479 (1982). "The doctrine is not applied when the decision of the agency is made pursuant to its rule-making powers or when the legislature intended that the agency should exercise a continuing jurisdiction with power to modify or alter its orders to conform to changing conditions." Hollywood Circle, Inc. v. Department of Alc. Bev. Control, 55 Cal.2d 728, 732 (1961). By enacting Sec. 6481, the California legislature made clear its intent that the Board exercise continuing jurisdiction to modify its determinations.
 
 
 5
 In addition, the California Supreme Court has stated that collateral estoppel applies to agency decisions when the agency 1) acted in a judicial capacity; 2) resolved disputed issues of material fact; and 3) the parties had an adequate opportunity to litigate the issues. Sims, 32 Cal.3d at 479 (citing United States v. Utah Constr. Co., 384 U.S. 394 (1966)). The Board's issuance of a deficiency determination does not satisfy any aspect of this test. The Board held no hearing nor did it accept evidence concerning the tax deficiency. In addition, there were no disputed issues for the Board to resolve when it issued the tax determination. Thus the Board does not act in a judicial capacity when it issues a tax determination, so res judicata does not apply.
 
 
 6
 Appellants argue the district court's application of California case law concerning administrative collateral estoppel and res judicata is erroneous because Sec. 7176 supplants it. However, it is not clear from the plain meaning of Sec. 7176 that the California legislature intended it to supplant case law.
 
 
 7
 We AFFIRM.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 Appellee argues we should rely on an unpublished decision of the California Court of Appeal, Montgomery Elevator Co. v. State Bd. of Equalization. Without determining whether this court can rely on unpublished state court decisions, we decline to do so