[No. E005760. Fourth Dist., Div. Two. July 24, 1989.]

VICTOR S. OQUENDO, Plaintiff and Appellant, v.
CALIFORNIA INSTITUTION FOR WOMEN et al., Defendants
and Respondents.

**COUNSEL**

Richard A. Levy for Plaintiff and Appellant.

John K. Van de Kamp, Attorney General, and Melvin R. Segal, Deputy Attorney General, for Defendants and Respondents.

**OPINION**

**SULLIVAN, J.**\*—This is an appeal from an order granting a motion for summary judgment in favor of Respondents California Institution for Women, Department of Corrections and State of California, collectively CIW, in an action brought by appellant to pursue his claim for reasonable accommodation under the Fair Employment and Housing Act.

Appellant, a probationary teaching employee at CIW who was epileptic, was rejected by the appointing power, which rejection was found proper by an administrative law judge whose determinations were adopted by the State Personnel Board, on the basis that job stress had aggravated appellant's disability. The determination also stated, "Appellant's epilepsy qualified him for reasonable accomodation [*sic*]. However, reasonable accomodation [*sic*] is not the real issue here. Appellant's performance was not being hindered by his disabilty, i.e. epilepsy, but by his epilepsy being aggravated, resulting in the increase in the frequency and severity of his

---

\* Assigned by the Chairperson of the Judicial Council.

seizures. It is the cause of the aggravation that must be addressed, not an accomodation [*sic*] to the aggravation."

Appellant did not seek judicial review of the State Personnel Board decision but commenced the instant action under the Fair Employment and Housing Act, alleging that CIW failed to provide the reasonable accommodation required by the statute. The trial court granted CIW's motion for summary judgment finding that there was no triable issue as to any material fact and that CIW was entitled to judgment as a matter of law. The parties have treated the summary judgment as determining that appellant is collaterally estopped from pursuing the instant action because the issue of accommodation was tried in the State Personnel Board proceeding and we will deal with it within that framework.

■ Appellant argues that in *State Personnel Bd.* v. *Fair Employment & Housing Com.* (1985) 39 Cal.3d 422 [217 Cal.Rptr. 16, 703 P.2d 354] our Supreme Court held that rulings by the State Personnel Board have no estoppel effect on subsequent proceedings under the Fair Employment and Housing Act. While the four separate opinions in *State Personnel Bd.* contain considerable discussion as to the operations and future of the Fair Employment and Housing Commission, the plurality holding of the case is only that governmental employees are included within the framework of the Fair Employment and Housing Act, as are private employees. Appellant points to dicta in the plurality opinion stating that, while "comity" may bar relitigation of an issue in an action before the Fair Employment and Housing Commission which has previously been adjudicated by the State Personnel Board, the commission should not preclude adjudication of an issue until it has clearly determined that it is identical with that raised before the board. He urges that this cautionary statement precludes the operation of collateral estoppel. This statement carries no such meaning. Also, it refers to the effect of one administrative determination upon the administative determination of another agency, rather than upon the courts of the state.

In this case, reasonable accommodation was tried before the State Personnel Board. Evidence was presented discussing accommodation, such as a personal monitor, a teaching assistant or a T.V. monitor. The Board rejected the accommodation evidence and found against appellant. Appellant, having chosen the forum, was bound to follow through by seeking judicial review of the decision, if he was not happy about it. (See Gov. Code, § 11523, respecting the method of seeking review of State Personnel Board decisions.)

While appellant has an "absolute right" to bring a private civil lawsuit under the California Fair Employment Practices Act, that lawsuit may be

barred by the decision in a prior lawsuit. (*Takahashi* v. *Board of Education* (1988) 202 Cal.App.3d 1464, 1478 [249 Cal.Rptr. 578].) In our opinion, this principle applies to cases brought under the Fair Employment Housing Act, as well.

Reasonable accommodation having been tried before the State Personnel Board, the determination of that administrative hearing, unchallenged by writ, became final and thus collaterally estops appellant from relitigating the validity of the hearing or its adjudication in this proceeding. (*Knickerbocker* v. *City of Stockton* (1988) 199 Cal.App.3d 235, 243-244 [244 Cal.Rptr. 764].)

The judgment is affirmed.

Campbell, P. J., and McDaniel, J., concurred.