WERDEGAR, J., Concurring.
On the viability of plaintiff’s cause of action for violation of the Fair Employment and Housing Act (FEHA) (Gov. Code, § 12900 et seq.), I would reach the same result as the majority, but would employ a less confusing and more clearly applicable legal theory. Rather than rely on a “requirement of exhaustion of judicial remedies” (maj. opn., ante, at p. 70), assertedly articulated in Westlake Community Hosp. v. Superior Court (1976) 17 Cal.3d 465 [131 Cal.Rptr. 90, 551 P.2d 410] (Westlake), I would rest our decision on the collateral estoppel effect of a final administrative finding made in a quasi-judicial proceeding (People v. Sims (1982) 32 Cal.3d 468 [186 Cal.Rptr. 77, 651 P.2d 321] (Sims)).
In Sims, this court dispelled the “uncertainty and confusion existing] in the case law as to whether the decisions of an administrative agency may ever collaterally estop a later action.” (Sims, supra, 32 Cal.3d at p. 477.) Guided by a United States Supreme Court decision addressing the same question (United States v. Utah Constr. Co. (1966) 384 U.S. 394 [86 S.Ct. 1545, 16 L.Ed.2d 642]), we held administrative agency findings may be given collateral estoppel effect if the agency, acting in a judicial capacity, resolved disputed issues of fact properly before it, in a proceeding in which the parties had an adequate opportunity to litigate the factual issues. (Sims, supra, at p. 479.) We further held application of collateral estoppel to administrative findings requires, as well, that the traditional elements of the doctrine—identity of issues, finality of the decision, and identity or privity of the party against whom estoppel is sought—be satisfied in each particular case. (Id. at p. 484.) The finality element was satisfied, we held, where the time for seeking judicial review of the administrative decision through a petition for writ of mandate had expired without such review being sought. (Id. at p. 486.) Finally, the Sims court carefully examined the pertinent statutory schemes to determine whether issue preclusion was consistent with the legislative intent and would serve the general goals of judicial economy and systematic integrity underlying collateral estoppel. (Id. at pp. 488-489.)
Since Sims, this court and the Courts of Appeal have frequently applied its principles to decide the collateral estoppel effect of administrative findings on subsequent civil litigation. (See, e.g., Brosterhous v. State Bar (1995) 12 Cal.4th 315, 324 [48 Cal.Rptr.2d 87, 906 P.2d 1242]; Amador v. Unemployment Ins. Appeals Bd. (1984) 35 Cal.3d 671, 684-685 [200 Cal.Rptr. 298, *79 677 P.2d 224]; Bronco Wine Co. v. Frank A. Logoluso Farms (1989) 214 Cal.App.3d 699, 708-709 [262 Cal.Rptr. 899]; Imen v. Glassford (1988) 201 Cal.App.3d 898, 906-908 [247 Cal.Rptr. 514].) I would do so here as well.
As the majority notes, plaintiff does not contend that the City of Loma Linda’s (the City) administrative procedures denied him a full and fair opportunity to litigate the motive for his termination. (Maj. opn., ante, at p. 71, fn. 3.) Nor, at least in this court, does he appear to contest the existence of any of the other technical prerequisites to issue preclusion identified in Sims. He does not, for example, dispute the Court of Appeal’s determination that the City personnel board “expressly found the City discharged plaintiff for a valid, nondiscriminatory reason,” thereby adversely resolving an issue necessary to plaintiff’s FEHA cause of action.
Plaintiff does argue that legislative policies embodied in FEHA are contrary to the result here, for which he cites statements in our own decisions, in particular State Personnel Bd. v. Fair Employment & Housing Com. (1985) 39 Cal.3d 422 [217 Cal.Rptr. 16, 703 P.2d 354], There, in holding that the Department of Fair Employment and Housing (DFEH) and the Fair Employment and Housing Commission (FEHC) have jurisdiction to investigate and adjudicate the discrimination claims of state civil service employees, the plurality opinion observed that “FEHA was meant to supplement, not supplant or be supplanted by, existing antidiscrimination remedies, in order to give employees the maximum opportunity to vindicate their civil rights against discrimination . . . .” (Id. at p. 431.) The plurality further suggested that prior determinations of the State Personnel Board would not preclude relitigation of claims or issues in the FEHC, though “comity” might call for deference. (Id. at p. 443.) As Justice Gradin’s concurring opinion makes clear, however, the court did not reach a majority holding on this issue. (Id. at pp. 444-445 (cone. opn. of Grodin, J.).)
The plurality’s, observation in State Personnel Bd., and the court’s similar remark in Rojo v. Kliger (1990) 52 Cal.3d 65, 82 [276 Cal.Rptr. 130, 801 P.2d 373] (FEHA’s purpose was “not to narrow, but to expand the rights and remedies available to victims of discrimination”), might suggest that a public employee discrimination claimant need not avail himself or herself of the employer’s internal administrative remedies before complaining to the DFEH or bringing an action in court—a question not presented here and, as I read the majority opinion, not decided or addressed therein. The comments do not suggest, however, that a claimant, having chosen to pursue the public employer’s internal grievance and appeal procedures, may avoid the effect of adverse factual findings on issues actually litigated and resolved by those procedures. Thus, I agree with the majority that our prior decisions do not *80 suggest the legislative policies embodied in FEHA prevent a court from “giv[ing] binding effect to the findings of administrative agencies in quasi-judicial proceedings” (maj. opn., ante, at p. 72), so long as the prior findings meet the requirements for issue preclusion outlined in Sims.
Our Westlake decision, on which the majority opinion centers, is not on point. In that case, a private hospital’s review committee determined that the plaintiff physician’s staff privileges should be revoked. After the hospital’s board of directors affirmed that decision, the plaintiff, without seeking review of the decision by application for writ of mandamus (Code Civ. Proc., § 1085), sued the hospital and various committee and board members in tort. (Westlake, supra, 17 Cal.3d at pp. 469-472, 482.) We held, inter alia, that the plaintiff “must first succeed in overturning the quasi-judicial action before pursuing her tort claim against defendants.” (Id. at p. 484.) We justified that result mainly by analogy to the requirement of favorable termination of the subject prior action as a prerequisite to maintaining a malicious prosecution action. (Id. at pp. 483-484.) Presumably because the quasi-judicial proceeding involved was that of a private employer, the court did not base its holding on collateral estoppel (issue preclusion) or res judicata (claim preclusion), although the court’s “Cf.” citation (id. at p. 484) to Hollywood Circle, Inc. v. Dept, of Alcoholic Beverage Control (1961) 55 Cal.2d 728, 731-733 [13 Cal.Rptr. 104, 361 P.2d 712], which held a public agency’s quasi-judicial decision to be res judicata, suggests that analogy, as well, influenced the Westlake decision.
Westlake, in short, has nothing to say about the preclusive effect the findings made by a public employer’s personnel board should have in a subsequent FEHA action. Because Westlake involved a private employer, questions of the existence and scope of administrative collateral estoppel, later discussed and resolved in Sims, were not at issue.[1] Because the plaintiff’s subsequent action was for common law tort claims, not statutory discrimination claims, the Westlake court had no occasion to address the legislative policy questions raised by application of administrative issue preclusion to FEHA actions.
*81 The majority’s reliance on a requirement of “exhaustion of judicial remedies” is confusing for two reasons. First, the phrase incorrectly suggests that plaintiff’s FEHA action was properly dismissed without trial because he omitted to fulfill a procedural prerequisite to bringing such an action. In fact, as the majority opinion’s procedural history reveals, plaintiff fulfilled FEHA’s procedural requirements by filing a claim with the DFEH and obtaining from that agency a “right to sue” letter. (Maj. opn., ante, at p. 66.) Plaintiff’s FEHA claim is not procedurally barred by his failure to seek mandamus review of the personnel board’s decision. His action was procedurally proper; summary judgment was correctly granted against him, rather, because factual issues critical to the FEHA action’s success had been finally determined against him in a prior proceeding. As the Court of Appeal explained, “to say that a plaintiff who has exhausted his DFEH remedy has ‘fulfilled the prerequisite for bringing a civil suit’ under FEHA (Swartzendruberv. City of San Diego [(1992)] 3 Cal.App.4th [896,] 910 [5 Cal.Rptr.2d 64]) does not answer the question of what effect unchallenged administrative findings should have in that suit. The questions are wholly separate.”[2]
Second, the “exhaustion” rationale could suggest, to a less than perfectly careful reader, that a public employee’s FEHA action is barred whenever the employee has neglected to seek judicial review of the employer’s adverse internal administrative decision, whether or not the requirements for collateral estoppel outlined in Sims, supra, 32 Cal.3d 468, such as identity of issues, are satisfied. Again, the lower court articulated the correct rule: “[T]here is no necessary requirement that every FEHA plaintiff pursue an administrative mandamus proceeding as a prerequisite to bringing an action, or even recovering, under FEHA. Even if the administrative findings go unchallenged, they may not preclude a FEHA claim because they are not factually inconsistent with it.”
In Oquendo v. California Institution for Women (1989) 212 Cal.App.3d 520 [260 Cal.Rptr. 688], a probationary state employee with epilepsy was rejected for a permanent position. The State Personnel Board found his disability, because of its aggravated form, could not reasonably be accommodated in the position he sought. The plaintiff did not petition for mandate before bringing his FEHA action. The Court of Appeal affirmed summary judgment for the defense, reasoning as follows: “Reasonable accommodation having been tried before the State Personnel Board, the determination of that *82 administrative hearing, unchallenged by writ, became final and thus collaterally estops appellant from relitigating the validity of the hearing or its adjudication in this proceeding.” (Id. at p. 523.) I would apply the same straightforward reasoning to the present case.

The majority incorrectly describes Westlake as addressing the binding effect of “a quasi-judicial administrative agency proceeding.” (Maj. opn., ante, at p. 65.) No administrative agencies were involved in Westlake, only a private employer. Ironically, the majority also misreads Sims as applying Westlake’s “requirement that a party exhaust judicial remedies.” (Maj. opn., ante, at p. 70.) Sims, as we have seen, addressed administrative collateral estoppel, not exhaustion requirements. That Sonoma County, against which adverse findings were made in an administrative proceeding, did not timely seek review of the administrative decision by petition for mandamus was important to the court’s estoppel holding, but only because it established the finality of the administrative decision. (Sims, supra, 32 Cal.3d at pp. 485-486.)

One can see, logically, that the defect in plaintiff’s action is not one of failure to exhaust judicial remedies by asking what would have happened if he had timely sought a writ of mandate, only to have it summarily denied. His exhaustion of the judicial remedy would not help him; the administrative findings would be just as final and just as preclusive of the discrimination issue as here, where no judicial review was sought.